**Ex parte Madeline AIKEN, Appellant.**

No. 05–88–00615–CV.

Court of Appeals of Texas,
Dallas.

March 1, 1989.

Raymond G. Wheless, Plano, for appellant.

Tom O'Connell and John L. Schomburger, McKinney, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

BAKER, Justice.

Madeline Aiken appeals from the trial court's partial order of expunction of records pertaining to her arrest for the offense of murder. She contends that she was entitled to complete expunction of all records and that the trial court erred in granting only part of her request. We disagree and affirm the trial court's judgment.

Appellant was arrested in October of 1987 for the offense of murder. She confessed to the crime to officers of the Allen Police Department. She was not indicted by the Collin County grand jury. She was released from custody for the charge and was not placed on any probation, nor is she under any court ordered supervision. She had never been convicted of a felony in Texas.

Appellant filed her petition for expunction of all records pertaining to her arrest for the murder offense. At the hearing, she testified to the foregoing facts. She also testified that after she was nobilled by the Collin County grand jury, she was paid the proceeds of a $100,000 life insurance policy on the life of her deceased husband. The State produced Detective Byron Roach of the Allen Police Department, who testified that it was only after the grand jury failed to indict appellant that he discovered that she was the beneficiary of the life insurance policy for which her husband, the victim of the murder, was the insured. He testified that this information came to light as a result of the insurance company's investigation. Detective Roach also testified that there is a possibility that family members might file a civil suit against appellant. Detective Roach stated that he was ready to refile the case if any new information from these sources indicated a motive for the killing such as killing the victim for the insurance money.

At the conclusion of the evidence, the trial court expunged all of the records of appellant's arrest except for the investigative files kept or maintained by the City of Allen Police Department and the Collin County District Attorney's office.

■ Appellant contends that the trial court erred in not expunging all of the records including the two investigative files because she met all the requirements of article 55.01 of the Texas Code of Criminal Procedure. There is no question that appellant carried her burden of proving compliance with the statutory conditions of article 55.01 since evidence was uncontroverted that she met the three statutory conditions of that article. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1989).

The real issue is whether the State established the conditions of article 55.02 of the Texas Code of Criminal Procedure, which

provides for an exception to the complete expunction of arrest records authorized by article 55.01.

Section 4(a) of article 55.02 of the Texas Code of Criminal procedure provides:

> If the State establishes that the petitioner is still subject to conviction for an offense arising out of the transaction for which he was arrested because the statute of limitations has not run and there is reasonable cause to believe that the State may proceed against him for the offense, the court may provide in its order that the law enforcement agency and the prosecuting attorney responsible for investigating the offense may retain any records and files that are necessary to the investigation.

TEX.CODE CRIM.PROC.ANN. art. 55.02, § 4(a) (Vernon Supp.1989).

Appellant argues that the exception contained in this article does not apply because it is not concerned with the original offense for which a person is arrested but not indicted, but is concerned rather with any other offenses "arising out of the transaction for which he was arrested." The State argues to the contrary, contending that nowhere in the statute does it state that the offense must be an offense *other* than the one a petitioner is arrested for. We observe that section 1 of article 55.01 contains the exact same language as is found in section 4(a) of article 55.02, that is, "an offense arising out of the transaction for which he was arrested." We conclude that appellant's interpretation of the statute is incorrect, and that section 4(a) of article 55.02 applies to any offense arising out of the transaction for which a petitioner was arrested, including the one for which a petitioner was nobilled.

The express terms of article 55.02, section 4(a), require the State to bear the burden to prove that: (1) a petitioner is still subject to conviction for an offense arising out of the transaction for which he was arrested because the statute of limitation has not run; and (2) there is reasonable cause to believe that the State may proceed against him for that offense. *See* TEX.

CODE CRIM.PROC.ANN. art. 55.02, § 4(a).

As acknowledged by appellant, a proceeding for the expunction of records is a civil action. *See Texas Dep't of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). In a civil action tried before the court, where findings of fact and conclusions of law are not requested and none are filed, the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 356 (Tex.1977). In such a case, the trial court's judgment implies that all necessary fact findings were made by that court in support of the judgment. The appellate court can consider only that evidence that is most favorable to the issue and must disregard entirely that which is opposed to it. *See Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

The record reflects that the offense charged was murder. There is no statute of limitations on murder. *See* TEX. CODE CRIM.PROC.ANN. art. 12.01 (Vernon Supp.1989). Appellant testified that she confessed to the crime. Detective Roach of the Allen Police Department testified that after the grand jury failed to indict appellant, he learned that the victim, who was appellant's husband, had a $100,000 insurance policy on his life and that appellant was the beneficiary. Roach testified that if the insurance company that paid the benefits or the relatives of the husband ever brought a civil action against appellant that demonstrated the possibility that appellant murdered her husband to collect the insurance proceeds, he would refile the charges against appellant with the Collin County grand jury.

The trial court, as the finder of fact, determines the controlling facts. In doing so, the trial court has a right to accept or reject all or any part of the witnesses' testimony. *See Smith v. Millsap*, 702 S.W. 2d 741, 743 (Tex.App.—San Antonio 1985, no writ).

We hold that the trial court's application of the provisions of section 4(a) of article 55.02 finds support in the evidence. We overrule appellant's point of error and affirm the trial court's judgment.