**Ronald Wayne JONES, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, et al., Appellees.**

**No. C14-90-00345-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1991.

Matthew W. Plummer, Sr., Houston, for appellant.

William J. Delmore, III, Houston, Karen D. Matlock, Austin, Laura S. Portwood, Leona Franklin, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant appeals an order in a non-jury trial on his petition for expunction of records. In four points of error, appellant contends that the trial court erred by proceeding to hear his petition without giving him notice, thereby denying him due process. We affirm.

■ Appellant petitioned to expunge the record of his arrests for aggravated robbery and for driving while intoxicated. The state agencies affected opposed the petition. On its own motion, the trial court set the expunction petition for a hearing. The clerk sent notice of the hearing to the affected state agencies. Appellant contends that he was not notified of the trial setting by the court.

On the appointed date, the trial court proceeded to hear the petition. Counsel for the State appeared, but neither appellant nor appellant's counsel appeared or participated in the hearing. The trial court denied appellant's petition. Upon learning of the trial court's action, appellant filed a motion for rehearing and a motion for new trial. The trial court never ruled on the motion for rehearing. The motion for new trial was overruled by operation of law.

■ A petition for expunction is not a criminal but a civil proceeding. *State v. Henson*, 573 S.W.2d 548, 550 (Tex.Crim. App.1978) (en banc), *overruled on other grounds; Weiner v. Dial*, 653 S.W.2d 786, 787–88 (Tex.Crim.App.1983); *Ex Parte Aiken*, 766 S.W.2d 580, 582 (Tex.App.—Dallas 1989, no writ). Therefore, the notice requirements of Tex.R.Civ.P. 245 are in issue. When a court set a matter on its own motion, reasonable notice must be given the parties. Rule 245, in part, provides:

The Court may set contested cases on motion of any party, or on the Court's own motion, with reasonable notice of not less than ten days to the parties, or by agreement of the parties.

Failure to give a party in a contested case adequate notice of a trial setting violates due process. *Alvarado v. Magic Valley Electric Co–Op, Inc.*, 784 S.W.2d 729, 732 (Tex.App.—San Antonio 1990, writ denied).

■ The law presumes that a trial court will hear a case only after proper notice to the parties. *Trevino v. Gonzalez*, 749 S.W.2d 221, 223 (Tex.App.—San Antonio 1983, writ denied). To rebut this presumption, appellant has the burden to show affirmatively a lack of notice. *Id.; Williams v. Holley*, 653 S.W.2d 639, 641 (Tex.App.— Waco 1983, writ ref'd n.r.e.). Here, appellant claims lack of notice solely by statements in his motions for rehearing and for a new trial. No affidavit or other competent evidence demonstrating a lack of notice was attached to his motions. Appellant thus failed to rebut the presumption of

proper notice.[1]

The judgment of the trial court is affirmed.

---

1. Appellant may seek his remedy by bill of review as provided by Rule 329b(f). *See Williams* at 641.