TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00637-CV






Roger Quannah Settler, Appellant



v.



The Brook at Travis Heights, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 251,874, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 Roger Quannah Settler, appearing pro se, raises ten points of error against the
judgment rendered in this forcible detainer action regarding an apartment. We will affirm the
judgment.

 The Brook at Travis Heights ("the company") filed this forcible detainer action
against Settler seeking unpaid rent and eviction of Settler from an apartment. In June 2000, after
finding Settler due some offset to the rent claimed, the justice of the peace awarded the company
$68.89 in unpaid rent plus possession of the apartment. Settler appealed to the county court at law
for a trial de novo. Two months later, the county court, reciting that all parties appeared for trial,
awarded the company possession of the premises and $1148.89 in unpaid rent, (1) $380 in late fees and
month-to-month fees, and $1200 in attorney's fees. Settler filed a motion to set aside the judgment,
contending that he did not receive notice of the trial setting in the county court at law and was
thereby prevented from appearing and presenting evidence. This motion was overruled by operation
of law.

 We observe first that Settler's brief does not contain any reference to the record, in
violation of the briefing rules. See Tex. R. App. P. 38.1(h). More importantly, although a list of
cases appear at the beginning of his brief, his argument throughout is wholly unsupported by
authority. In the absence of the citation of authority, Settler cannot show himself entitled to relief
and we may affirm. See Harkins v. Dever Nursing Home, 999 S.W.2d 571, 573 (Tex.
App.--Houston [14th Dist.] 1999, no pet.); Keever v. Finlan, 988 S.W.2d 300, 314 (Tex.
App.--Dallas 1999, pet. dism'd). In the interest of justice, we will attempt to address his complaints
to the extent we discern them.

 By his first four points of error, Settler complains about actions taken by the justice
court. Two concern actions taken to reach the original judgment. Two others concern post-trial
activity.

 By points one and three, Settler complains that the justice court erred by including
certain amounts in its calculation of rent owed and by excluding evidence by abruptly ending the trial
for a social engagement. Because the county-court-at-law judgment following the trial de novo
superseded the justice-court judgment, no errors in the conduct of the justice-court trial or its
calculation of the judgment are harmful to Settler. 

 By point two, Settler contends that the justice court erred by not dismissing the
petition for eviction after he paid the judgment amount. Because Settler does not point to a motion
in the record in which he requested this relief from either the justice court or the county court at law,
the complaint is not preserved. See Tex. R. App. P. 33.1(a)(1). Nor does Settler cite any authority
for the proposition that a justice court must automatically rescind its eviction decree when, after
rendition of the eviction decree, the tenant pays the amount awarded in the judgment.

 By point four, Settler contends that the $200 appeal bond the justice court required
was excessive and violated procedural rules. Settler does not cite, nor do we find, a statute or rule
limiting the bond to less than $200. See Tex. R. Civ. P. 749, 752. Courts generally have discretion
in setting bond amounts. See Northwest Bank v. Garrison, 874 S.W.2d 278, 281 (Tex.
App.--Houston [1st Dist] 1994, no writ); TransAmerican Natural Gas Corp. v. Finkelstein, 905
S.W.2d 412, 414 (Tex. App.--San Antonio 1995, writ dism'd). A court abuses its discretion when
it fails to reach the only reasonable decision. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Settler has not explained why the $200 bond was excessive, unreasonable, or an abuse of
discretion. We conclude it was none of these.

 We overrule points one through four concerning actions taken by the justice court. 
Settler's remaining six points of error address occurrences in the county court at law.

 By point six, Settler contends that the county court at law erred by failing to require
the company's attorney to notify Settler that the attorney was representing the company or to submit
copies of the company's trial documents to Settler. The record does not show that Settler presented
this complaint to the county court at law; it is therefore waived. See Tex. R. App. P. 33.1(a). Nor
does he show how these failures harmed him. We overrule point six.

 Settler raises two points of error centered on the absence of notice to him of the trial
setting. By point five, he contends that the court erred because the county clerk failed to inform him
of the trial setting. By point seven, he contends that the court erred in holding the trial de novo
without notice to him. In these points, he claims that the county court at law should have granted
him a new trial because his failure to appear was due to the lack of notice which was not his fault.

 A defendant who has made an appearance in a cause is entitled to notice of the trial
setting as a matter of due process under the Fourteenth Amendment to the federal constitution. LBL 
Oil Co. v. Int'l Power Serv., 777 S.W.2d 390, 390-91 (Tex. 1989). A defendant who does not
receive notice of a default judgment proceeding is deprived of due process. Id. A notice of trial
setting ordinarily does not appear in the clerk's record and need not affirmatively appear there. 
Prihoda v. Marek, 797 S.W.2d 170, 171 (Tex. App.--Corpus Christi 1990, writ denied); see also
Garcia v. Arbor Green Owners Ass'n, Inc., 838 S.W.2d 800, 803 (Tex. App.--Houston [1st Dist.]
1992, writ denied). Rather, the law presumes that a trial court will hear a case only after proper
notice to the parties. To rebut this presumption, appellant has the burden to show affirmatively a
lack of notice by affidavit or other competent evidence. Delgado v. Hernandez, 951 S.W.2d 97, 99
(Tex. App.--Corpus Christi 1997, no writ); Jones v. Texas Dep't of Pub. Safety, 803 S.W.2d 760,
761 (Tex. App.--Houston [14th Dist.] 1991, no writ). This burden is not discharged by mere
allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that
proper notice was not received. Hanners v. State Bar of Texas, 860 S.W.2d 903, 908 (Tex.
App.--Dallas 1993, no writ); Jones, 803 S.W.2d at 761.

 Settler's motion to set aside the judgment is not supported by evidence. The motion
is not sworn and there is no affidavit attached. The record contains no testimony or court
documentation showing that notice either was sent to an incorrect address or not sent at all. We
review the trial court's decision to overrule a new-trial motion for abuse of discretion. Cliff v.
Huggins, 724 S.W.2d 778, 779 (Tex. 1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). 
The record does not affirmatively reflect a lack of notice and does not show an abuse of discretion
in denying a new trial. We overrule points five and seven.

 By two points, Settler complains about the county court at law's consideration of
evidence in the trial. By point eight, he contends that the county court reversed the justice court's
award of offset for overpaid rents without regard for and in violation of evidentiary, discovery, and
procedural rules. By point nine, Settler contends that the company, through its agent, Mario
Vasquez, presented forged documents and perjured testimony in support of its case. The county
court was required to conduct a trial de novo, not an appellate review of the justice court's judgment;
it therefore did not "reverse" the justice court. Further, as noted above, the difference between the
awards of unpaid rent in the two judgments is equal to two months' rent that accrued in the two
months between the judgments. The evidence presented in the justice court was not before the
county court unless presented there anew. No violation of rules is apparent from the record. 
Likewise, the asserted forgeries and perjuries by Vasquez are not apparent from the record of the
county court at law. We overrule points eight and nine.

 By point ten, Settler contends that the county court at law erred by not ruling on his
motion for new trial. The rules of procedure clearly anticipate that courts need not expressly
overrule motions for new trial; Texas Rule of Civil Procedure 329b(c) states that if the court does
not rule in writing on a motion for new trial within seventy-five days of its filing, "it shall be
considered overruled by operation of law on expiration of that period." The county court at law did
not err by not making a written ruling on Settler's motion. We overrule point ten.

 Having found no reversible error presented, we affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish

1. The amount of unpaid rent awarded in August by the county court equals the $68.89 the justice
court awarded in June plus two months' rental at the $540 monthly rate.


setting as a matter of due process under the Fourteenth Amendment to the federal constitution. LBL 
Oil Co. v. Int'l Power Serv., 777 S.W.2d 390, 390-91 (Tex. 1989). A defendant who does not
receive notice of a default judgment proceeding is deprived of due process. Id. A notice of trial
setting ordinarily does not appear in the clerk's record and need not affirmatively appear there. 
Prihoda v. Marek, 797 S.W.2d 170, 171 (Tex. App.--Corpus Christi 1990, writ denied); see also
Garcia v. Arbor Green Owners Ass'n, Inc., 838 S.W.2d 800, 803 (Tex. App.--Houston [1st Dist.]
1992, writ denied). Rather, the law presumes that a trial court will hear a case only after proper
notice to the parties. To rebut this presumption, appellant has the burden to show affirmatively a
lack of notice by affidavit or other competent evidence. Delgado v. Hernandez, 951 S.W.2d 97, 99
(Tex. App.--Corpus Christi 1997, no writ); Jones v. Texas Dep't of Pub. Safety, 803 S.W.2d 760,
761 (Tex. App.--Houston [14th Dist.] 1991, no writ). This burden is not discharged by mere
allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that
proper notice was not received. Hanners v. State Bar of Texas, 860 S.W.2d 903, 908 (Tex.
App.--Dallas 1993, no writ); Jones, 803 S.W.2d at 761.

 Settler's motion to set aside the judgment is not supported by evidence. The motion
is not sworn and there is no affidavit attached. The record contains no testimony or court
documentation showing that notice either was sent to an incorrect address or not sent at all. We
review the trial court's decision to overrule a new-trial motion for abuse of discretion. Cliff v.
Huggins, 724 S.W.2d 778, 779 (Tex. 1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). 
The record does not affirmatively reflect a lack of notice and does not show an abuse of discretion
in denying a new trial. We overrule points five and seven.

 By two points, Settler complains about the county court at law's consideration of
evidence in the trial. By point eight, he contends that the county court reversed the justice court's
award of offset for overpaid rents without regard for and in violation of evidentiary, discovery, and
procedural rules. By point nine, Settler contends that the company, through its agent, Mario
Vasquez, presented forged documents and perjured testimony in support of its case. The county
court was required to conduct a trial de novo, not an appellate review of the justice court's judgment;
it therefore did not "reverse" the justice court. Further, as noted above, the difference between