Affirmed and Memorandum Opinion filed November 24, 2004









Affirmed
and Memorandum Opinion filed November 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01266-CV

_______________

 

CHRISTOPHER CHILDERS,
Appellant

 

V.

 

PAULA
CHILDERS, Appellee

___________________________________________________

 

On Appeal from the 308th District Court

Harris County, Texas

Trial Court Cause No. 02-17220

___________________________________________________

 

M
E M O R A N D U M   O P I N I O N

In
this restricted appeal, appellant Christopher Childers challenges a post-answer
default judgment of divorce on the basis that he did not receive notice of the
final trial setting.  Because we conclude
the record contains evidence appellant was served with notice of the hearing,
error is not apparent from the face of the record, and thus, we affirm.








I.  Factual and Procedural Background

Paula
Childers filed for divorce from Christopher Childers in April 2002.  In his answer filed in August 2002, appellant
provided an address where he could be notified of all proceedings.[1]  On February 5, 2003, Paula=s counsel sent a letter by certified
mail to appellant at his address of record, informing him the divorce had been
set for trial on May 5, 2003.  When
appellant failed to appear on May 5, the trial court entered a default judgment
against him. 

II.  Discussion

In
one issue, appellant contends the default judgment should be set aside because
his failure to appear resulted from a lack of notice of the trial setting.  

In
order to prevail on a restricted appeal, an appellant must demonstrate the
following: (1) the notice of restricted appeal was filed within six months of
the date of the judgment or order; (2) he was a party to the suit; (3) he did
not participate in the hearing that resulted in the judgment complained of and
did not file a timely post-judgment motion; and (4) error is apparent from the
face of the record.  See Tex. R. App. P. 30; Alexander v.
Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  For purposes of a restricted appeal, the Arecord@ consists of all papers filed in the
appeal, including the statement of facts. 
Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997) (per curiam).  In this case,
appellant has met the first three requirements; therefore, he need only show
that the record affirmatively demonstrates he did not receive notice of the trial
setting.








We
presume a trial court hears a case only after the parties receive proper
notice.  Jones v. Tex. Dept. of Public
Safety, 803 S.W.2d 760, 761 (Tex. App.CHouston [14th Dist.] 1991, no
writ).  Texas Rule of Civil Procedure 245
requires reasonable notice of not less than forty-five days of a first trial
setting of a contested case.  Tex. R. Civ. P. 245.  Under Rule 21a of the Rules of Civil
Procedure, all notices, other than citation, may be served by delivering a copy
to the party either in person, by agent, or by certified or registered mail, at
the party=s last known address.  Tex.
R. Civ. P. 21a; Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.CHouston [1st Dist.] 1997, pet.
denied).  When a defendant does not
receive notice of a post‑answer default judgment proceeding, he or she is
deprived of due process.  LBL Oil Co.
v. Int=l Power Servs., Inc., 777 S.W.2d 390, 390B91 (Tex. 1989).

Although
appellant complains that he did not receive notice of the trial setting, the
record contains evidence to the contrary. 
Specifically, the record reflects that at trial, Paula introduced
Exhibit 1 which consisted of two items: (1) a letter, addressed to appellant=s address of record, informing
appellant of the trial setting; and (2) a certified mail receipt for the
letter, signed as Areceived by@ appellant=s mother in her capacity as appellant=s agent.[2]  Appellant does not refute this evidence and
further, does not cite to any authority stating this method of service was
insufficient to provide him with notice of the trial setting.[3]  Therefore, we cannot say appellant has
demonstrated that his lack of notice is apparent from the face of record.  Accordingly, appellant=s sole issue is overruled and the
judgment of the trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 24, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

 











[1]  Nothing in the
record indicates appellant ever changed his record address.





[2]  Above the
signature line on the return receipt for the letter appear two boxes
identifying the person signing as Aaddressee@ or Aagent.@  In Exhibit 1,
the Aagent@ box is checked and the signature is that of Nancy
Pfardrischer.  Ms. Pfardrischer was
identified as appellant=s mother at the default judgment hearing. 





[3]  Although Rule
21a creates the presumption that a mailed letter, properly addressed and with
postage paid, is received by the addressee, we have no need for the presumption
because there is actual proof of receipt. 
See Tex. R. Civ. P. 21a;
Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987).