# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00120-CV

**Sandra Reyes, Appellant**

**v.**

**Tom Commers, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-08-005337, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, appellant Sandra Reyes challenges a post-answer default judgment in a suit for breach of a residential lease contract on the basis that she did not receive notice of the final trial setting. Because we conclude the record contains evidence appellant was served with notice of hearing, error is not apparent from the face of the record and, thus, we affirm the trial court's judgment.

Tom Commers filed an original petition alleging that Reyes as his lessee of rental property abandoned the property and failed to make rent payments that were due. Commers sought delinquent rental fees, contractual late fees, repair costs due to damages to the property not related to wear and tear, and unpaid utility costs, plus reasonable attorney's fees. The record reflects that Reyes was personally served with citation by the constable's office at the address set forth in the officer's return on May 28, 2008. She filed an answer *pro se* on June 20, 2008, reflecting that she

served the answer by certified mail upon the plaintiff, but she did not list her address or telephone number on the pleading. By certified mail as well as regular mail, Commers's counsel notified Reyes the case was set for trial on September 9, 2008. At the trial on September 9, Commers's counsel advised the court that the notice by certified mail was returned undelivered. The court took judicial notice that the certified mail notice was returned undelivered and that the notice was also sent by regular mail.

At the hearing, Commers's counsel presented evidence concerning the terms of the lease, the abandonment of the lease before its end, the extent of damage to the property and repairs required, the other costs and fees incurred, and attorney's fees. The trial court awarded damages in the amount of $11,398.81, prejudgment interest of $626.89, postjudgment interest at the rate of 5% per annum, and $2,000 in attorney's fees to bear interest at the rate of 5% per annum.

The day after trial, September 10, 2008, Reyes's attorney filed an amended answer and counterclaim, but Reyes did not file a motion for new trial. The trial court's docket sheet reflects that the clerk sent Reyes notice of the judgment on September 11. Instead of filing a motion for new trial with an affidavit concerning an alleged lack of notice,[1] Reyes filed this appeal on March 6, 2009, shortly before the six-month deadline for a restricted appeal.

In two issues, Reyes contends that the trial court abused its discretion in proceeding to trial and issuing a default judgment in reliance on service by (i) regular mail or (ii) certified mail

---

[1] *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) ("the law requires that the trial court test the motion for new trial and the accompanying affidavits against the requirements of *Craddock* [*v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)]").

that was returned undelivered. The issue presented, then, is whether the default judgment should be set aside because Reyes's failure to appear resulted from a lack of notice of the trial setting.

To obtain reversal of an underlying judgment by restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact or conclusions of law; and (4) any error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ginn v. Forrester*, 282 S.W.3d 430 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the statement of facts. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). In this case, Reyes has met the first three requirements; she need only show that the record affirmatively demonstrates she did not receive notice of the trial setting. "[E]rror that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. We therefore consider whether Reyes has shown error apparent on the face of the record.

We presume a trial court hears a case only after the parties receive proper notice. *Jones v. Texas Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ). Under Rule 21a of the rules of civil procedure, all notices, other than citation, may be served by delivering a copy to the party either in person, by agent, or by certified or registered mail, at the party's last known address. Tex. R. Civ. P. 21a; *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). When a defendant does not receive notice of

a post-answer default judgment proceeding, he or she is deprived of due process. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A lack of notice, however, does not necessarily void the trial court's judgment because due process merely requires that the method of service be reasonably calculated, under the circumstances, to apprise interested parties of the proceeding and afford them an opportunity to present objections. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988).

Although Reyes complains that she did not receive notice of the trial setting, the record contains evidence to the contrary. Specifically, the record reflects that an attempt was made to serve Reyes at her address of record by certified mail which was returned undelivered and that such notice was also served by regular mail. As to the certified letter, Commers offered the returned certified mail for the court's consideration. And Rule 21a creates the presumption that a mailed letter, properly addressed and with postage paid, is received by the addressee. *See* Tex. R. Civ. P. 21a; *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). The record also reflects that thereafter a judgment was sent to Reyes at her address of record. Reyes does not refute this evidence and does not cite to any authority stating this method of service was insufficient to provide her with notice of the trial setting. As the Texas Supreme Court stated in *Ginn* concerning whether error is apparent on the face of the record:

> As to what does constitute error on the face of the record, we have clearly said that silence is not enough. . . . [T]he absence of proof in the record that notice was provided does not establish error on the face of the record.

4

Therefore, we cannot say Reyes has demonstrated that her lack of notice is apparent from the face of the record.  Accordingly, we overrule Reyes's issues and affirm the judgment of the trial court.

 

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 29, 2009