# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00785-CV

**Steven Morse, Appellant**

**v.**

**Sinclair Black, Appellee**

### FROM DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-07-000035, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In this restricted appeal, appellant Steven Morse challenges a post-answer judgment on the ground that he was not served with appellee's motion for summary judgment or notice of the hearing. Because we conclude that Morse has failed to demonstrate error on the face of the record properly before us, we affirm the trial court's judgment.

Sinclair Black loaned one million dollars to Marshall's Vista, Ltd., a Texas Limited Partnership. This loan was individually guaranteed by Morse and John Buckner Hightower. Marshall's Vista, Ltd. failed to make the required payments on the loan and eventually filed for bankruptcy. Black filed suit against Morse and Hightower seeking judgment for the amount guaranteed in the loan, accrued and unpaid pre- and post-judgment interest, attorney's fees and costs of court.

After citation was issued, Black made several unsuccessful attempts to serve Morse. Black then filed a motion for substituted service, which the trial court granted. In its order, the trial court stated that Morse could be served at his "usual mailing address" of 115 Old West Trail, Buda, Texas, 78610, by "United States First Class Mail without requiring a signed receipt for its actual delivery." Upon service by first class mail, Morse filed a pro se answer and general denial. But Morse did not serve his answer upon Black, and he did not include a mailing address as required by the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 21(a) (certificate of service); 57 (mailing address).

Because he was not served with Morse's answer, Black filed a motion to sever the cause against Morse from the cause against Hightower and requested the trial court to enter a default judgment against Morse. The trial court granted the motion to sever and entered a default judgment against Morse. The district clerk mailed notice of the default judgment to Morse. Upon receiving notice of the default judgment, Morse challenged the judgment and notified Black's trial counsel that he had filed an answer. Black filed a motion to vacate the default judgment, which the trial court granted on June 28, 2007.

Thereafter, Black filed a motion for summary judgment and notice of hearing. Black attached a certificate of service to his motion for summary judgment stating that he served the motion and notice on Morse via certified mail, return receipt requested. The address listed in the certificate of service was 115 Old West Trail, Buda, Texas, 78610.[1]

---

[1] There is nothing in the record showing that Morse notified either the trial court or Black of any change of address.

The trial court heard the summary judgment on July 29, 2008. After considering the motion and attached evidence, the trial court entered final judgment against Morse in the amount of $1,837,862.80, plus attorney's fees of $4,056.25.[2] Morse did not file a motion for new trial, and he did not perfect an appeal within 30 days of the trial court's judgment. Instead, Morse filed a motion to vacate the summary judgment on November 7, 2008, after the trial court's plenary power expired. On November 12, 2008, Morse filed a supplement to his motion to vacate, and on November 13, 2008, Morse filed a notice of restricted appeal.

In three issues, Morse contends that the trial court erred in granting summary judgment against him when there was no notice of the motion or hearing and that this error violated his right of due process under the Fourteenth Amendment. The issue presented, then, is whether the trial court's judgment should be set aside because Morse's failure to appear resulted from a lack of notice of the motion or the hearing.

To obtain reversal of an underlying judgment by restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) any error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the record consists of all papers filed in the appeal,

---

[2] The final judgment also awards additional attorney's fees for an appeal to the court of appeals or a petition for review in the Texas Supreme Court.

including the statement of facts. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). However, the rule in Texas "has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding." *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) (citing cases).

In this case, Morse has met the first three requirements; he need only show that the record affirmatively demonstrates he did not receive notice of the motion or hearing. "[E]rror that is merely inferred will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). We therefore consider whether Morse has shown error apparent on the face of the record.

We presume a trial court hears a case only after the parties receive proper notice. *Jones v. Texas Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ). Under Rule 21a of the rules of civil procedure, all notices, other than citation, may be served by delivering a copy to the party either in person, by agent, or by certified or registered mail, at the party's last known address. Tex. R. Civ. P. 21a; *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). When a defendant does not receive notice of a post-answer default judgment proceeding, he or she is deprived of due process. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A lack of notice, however, does not necessarily void the trial court's judgment because due process requires that the method of service be reasonably calculated, under the circumstances, to apprise interested parties of the

proceeding and afford them an opportunity to present objections. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988).

In support of his argument that he did not receive notice of the motion or hearing, Morse points to the certificate of service in the motion, the unclaimed envelope mailed via certified mail to the "wrong" address in Buda, Texas,[3] and an affidavit from Black's counsel stating that the certified mail notice was returned "undelivered" shortly before the hearing. Black counters that this evidence is extrinsic evidence that is not properly before us in a restricted appeal and that we may not consider it in our review. *See Ginn*, 282 S.W.3d at 432; *Alexander*, 134 S.W.3d at 848; *General Elec. Co.*, 811 S.W.2d at 944. Black further argues that, even if we considered such evidence, the record confirms that the certified mail notice was sent to the proper zip code and counsel's affidavit states that his usual practice was to serve notice via regular, first class mail in addition to certified mail. Thus, Black contends that Morse's due process rights have not been violated because the method of service was reasonably calculated to apprise Morse of the summary judgment motion and hearing and afford him an opportunity to present objections. *See Peralta*, 485 U.S. at 84-85.

We agree with Black's argument that to the extent Morse challenges the trial court's judgment through the use of extrinsic evidence not before the trial court prior to final judgment, we may not consider that evidence in a restricted appeal. *See Ginn*, 282 S.W.3d at 432; *General Elec. Co.*, 811 S.W.2d at 944. As the supreme court stated in *Ginn v. Forrester*, "When

---

[3] Morse claims that the envelope shows that the notice was incorrectly mailed to zip code 78611, not 78610.

extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence." *Ginn*, 282 S.W.3d at 432; *see also General Elec. Co.*, 811 S.W.2d at 944 ("Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence."). We therefore conclude that we cannot consider the extrinsic evidence relied upon by Morse in this restricted appeal.[4] *See Ginn*, 282 S.W.3d at 432.

Without this extrinsic evidence, Morse has failed to demonstrate error on the face of the record. The record properly before us includes the trial court's order authorizing substituted service and finding that Morse's "usual mailing address" is 115 Old West Trail, Buda, Texas, 78610. The record also includes the certificate of service in Black's summary judgment motion and notice of hearing stating that it was served on Morse via certified mail at the same address in compliance with the rules of civil procedure. *See* Tex. R. Civ. P. 21, 21a. The record reflects that Morse had previously responded to notices mailed to this address and that he did not inform the trial court or Black of any change of address. On this limited record, we cannot say Morse has demonstrated that

---

[4] At most, we construe Morse's motion to vacate as an untimely motion for new trial, which preserves nothing for appellate review. *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Even if we considered this extrinsic evidence, based on the competing affidavits of Morse's counsel, Morse's wife, and Black's counsel, a fact question remains as to whether Morse received notice of the motion for summary judgment or hearing. Morse remains free to present this evidence to the trial court in a bill of review. *See Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (appropriate remedy for consideration of extrinsic evidence is motion for new trial or bill of review); *Baker v. Goldsmith*, 582 S.W.2d 404, 408-09 (Tex. 1979) (procedure for bill of review proceeding).

6

his lack of notice is apparent from the face of the record.  Accordingly, we overrule Morse's issues and affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 12, 2009