

**NUMBER 13-09-704-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOYCE ANN ALLEN,**                                                        **Appellant,**

**v.**

**EVANGELINA ALLEN,**                                                        **Appellee.**

---

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela
Memorandum Opinion by Justice Vela**

This is an appeal from an order granting appellee, Evangelina Allen, a non-parent,

joint managing conservatorship of her two granddaughters. Joyce Ann Allen, the

children's mother, raises two issues on appeal. First, she claims she did not receive notice of the final hearing when the trial court entered its order granting conservatorship to Evangelina. Second, she argues that the trial court erred in refusing to grant her motion for new trial because Evangelina had no standing to proceed with a petition to modify the parent-child relationship. We affirm.

## I. BACKGROUND

Evangelina filed a petition to modify parent-child relationship on April 20, 2009. She testified at the initial hearing that Joyce had taken the children to Ohio because Joyce intended to live with a man she had met on the internet. The children came back to Texas for a visit with Evangelina and told Evangelina that they did not want to return to Ohio. Joyce was served with the petition on April 25, 2009, and a waiver was executed by Richard Abrego, the children's father. On May 4, 2009, the trial court held a hearing that resulted in an agreed temporary order. That order made Joyce and Evangelina temporary joint managing conservators, with Evangelina entitled to designate the primary residence of the children.

The case was called for a final hearing on June 17, 2009, and both Joyce and Evangelina appeared. Joyce was acting pro se at the time. The court ordered the parties to mediation and gave notice to the parties in open court that the final hearing was to be on July 2, 2009.

On June 30, 2009, the Attorney General's office intervened to attempt to collect child support arrearages from Abrego. All parties were served with the pleadings. This action was heard in conjunction with the modification.

2

At the final hearing, scheduled for July 2, 2009, the court again rescheduled the final hearing for July 27, 2009. Both the modification and the child support case were to be heard together. Joyce did not attend the hearing on July 2. At that hearing, counsel for Evangelina told the trial court that they were going to continue the mediation the next week. The court asked counsel for Evangelina to provide notice of the final hearing to everyone.

At the final hearing on July 27, Abrego was present, as well as assistant attorney general Linda Perez, Evangelina, and her attorney. Joyce was not present. The trial court asked counsel for Evangelina and the assistant attorney general if Joyce had been sent notice. The assistant attorney general responded, "We sent her notice for today's hearing, Judge, at the address that we have for her." Evangelina's counsel stated that she had also sent notice to Joyce and had spoken with her to confirm. It is quite clear from the record that the trial judge had the notice in her hand, but the notice sent by counsel for Evangelina to Joyce is not before us in this record. The court, at that time, asked counsel for Evangelina to make a copy of the notice so there would be "a paper trail." The copy wasn't formally admitted into evidence, but counsel informed the court that Joyce had been sent notice of the hearing and the trial court saw the notice. After the hearing, the court entered an order modifying conservatorship, naming Joyce, Evangelina, and Abrego joint managing conservators, and awarding Evangelina the right to designate the primary residence of the children.

Joyce filed a timely motion for new trial, urging that she had received notice from the attorney general about the hearing on July 27 with respect to the child support

3

arrearages, but she had not received notice that the modification of custody proceeding would be heard on that date. Both cases were set for the same time. Joyce testified that she didn't attend the hearing on July 27 because she thought it involved only the back child support owed by Abrego. She also urged at the new trial hearing that Evangelina did not have standing under the family code because her pleading did not urge that the children's present circumstances would impair the children's physical health or emotional development. *See* TEX. FAM. CODE. ANN. § 102.004(a)(1) (Vernon 2008). Rather, Evangelina's pleadings stated that the children signed a preference for modification. At the time of the hearing, the children were 12 and 14 years old.

The trial court stated, at the hearing on the motion for new trial, that a copy of the notice to Joyce regarding the final hearing was tendered by counsel at the final hearing. The court reviewed the notice and stated that it was sent to Joyce by regular mail as well as by email. The notice itself does not appear as part of the record. The court also took judicial notice of the return of service.

Joyce testified at the motion for new trial hearing that she had not received notice from Evangelina's counsel. She stated that the email address where the notice was sent was her boyfriend's, not hers. But she conceded that she had received other correspondence from counsel when it had been sent to that email address. She also agreed that it was the email address that she provided to counsel for Evangelina. The notice of the attorney general to Joyce is part of the record in this appeal. After allowing the parties an opportunity to brief the issues raised in the new trial motion, the trial court allowed the motion to be overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

4

## II. NOTICE

### A. Standard of Review

As the trial court has wide discretion in denying a motion for new trial, we will not disturb its ruling absent an abuse of discretion. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 800 (Tex. App.–Corpus Christi 2001, pet. denied). However, in a case involving a default judgment, a trial court abuses its discretion by not granting a new trial when all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.* test are met. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *Evans*, 889 S.W.2d at 268; *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). Under *Craddock,* a trial court should set aside a default judgment and order a new trial in any case in which: (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) it is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. The *Craddock* principles apply in post-answer default judgment cases. *Cliff v. Huggins*, 724 S.W 2d 778, 778-79 (Tex. 1987); *see also Norimex Int'l. Metals, Inc. v. Salinas*, No. 13-09-00074-CV, 2010 WL 1804986 at *2 (Tex. App.–Corpus Christi, May 6, 2010, pet. denied) (mem. op.).

In a post-answer default judgment, where the defaulting party has established the absence of intent or conscious indifference in failing to appear at trial by proof that it was not given notice of the default judgment hearing, it need not prove a meritorious defense

5

and absence of delay or undue prejudice. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam) (*citing Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *In re Marriage of Runberg*, 159 S.W.3d 194, 200 (Tex. App.–Amarillo 2005, no pet.); *In re Marriage of Parker*, 20 S.W.3d 812, 817-18 (Tex. App.–Texarkana 2000, no pet.)) (other citations omitted). A post-answer default judgment is valid only if the defaulting party received notice of the trial setting at which judgment was rendered. *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (holding that once a defendant has made an appearance in a case, it is entitled to notice of the trial setting or other dispositive hearing as a matter of due process); *Matsushita Elec. Corp. of Am. v. McAllen Copy Data, Inc.,* 815 S.W.2d 850, 853 (Tex. App.–Corpus Christi 1991, writ denied) (same). Where the record establishes that a defaulting party had no actual notice of the default judgment hearing, the default judgment cannot be sustained. *Helle*, 48 S.W.3d at 801.

## B. Analysis

Specifically, with regard to *Craddock's* first prong, Joyce complains that she did not receive notice of the hearing; thus, the default was not intentional or a result of conscious indifference. The law presumes a trial court will hear a case only after proper notice to the parties. *Jones v. Tex. Dep't. of Public Safety*, 803 S.W.2d 760, 761 (Tex. App.–Houston [14th Dist.] 1991, no writ). To rebut this presumption, Joyce had the burden to affirmatively show lack of notice. *Id.* (citing *Williams v. Holley*, 653 S.W.2d 639, 641 (Tex. App.–Waco 1983, writ ref'd n.r.e.)).

6

Joyce does not contend that the notices were improperly addressed or that postage was not paid by counsel for Evangelina. The trial court clearly stated that it had been shown proof that notice was sent. It took judicial notice of its entire file. At the final hearing, the trial court was aware of Joyce's absence and suggested creating a paper trail.

The trial court serves as fact-finder at a hearing on a motion for a new trial and, accordingly, is the sole judge of the credibility of a witness. *See Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 265 (Tex. App.–Texarkana 1992, writ dism'd); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.–Corpus Christi 1990, writ denied); *see also In re Sadberry*, No. 06-01-00098-CV, 2002 WL 771120 at *2 (Tex. App.–Texarkana Apr. 30, 2002, pet. denied) (mem. op). The record contains, through both the statements made by Evangelina'a attorney and the trial court's personal knowledge, evidence that notice was given. Joyce has failed to overcome the presumption that she was notified of the trial setting. We will not second guess the trial court's discretion to determine whether Joyce's testimony was credible.

Although Joyce attempted to show that she had not received notice of the setting, it is clear that the trial court did not accept her position and was confident that notice had been sent. *See Hanners v. State Bar of Texas*, 860 S.W.2d 903, 908 (Tex. App.–Dallas 1993, no writ). Although a slight excuse for failure to appear is sufficient, the first *Craddock* requirement is not satisfied if the evidence shows that the appellant ignored notice of the trial date or avoided notice and failed to make inquiries. *See Sharpe v. Kilcoyne,* 962 S.W.2d 697, 701 (Tex. App.–Fort Worth 1998, no pet.); *O'Connell v.*

*O'Connell*, 843 S.W.2d 212, 217-18 (Tex. App.–Texarkana 1992, no writ).

The trial court saw the notice that was sent and could have reasonably determined that Joyce ignored the notice. It is undisputed that Joyce ignored the notice sent regarding the child support hearing that was being held at the same time. Counsel for Evangelina stated that she had sent notice of the hearing to Joyce and the trial court stated that it saw the notice counsel sent to Joyce regarding the hearing. We will not set aside the trial court's discretionary ruling on the motion for new trial. We overrule issue one.

### III. STANDING

**A.  Background**

Joyce argues by her second issue that Evangelina had no standing to seek modification of the custody order because she was not a party to the initial order and she did not file her petition pursuant to section 156.002 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 156.002 (Vernon Supp. 2010). A party has standing to modify custody if the party is one affected by the order or has standing to sue under chapter 102 of the family code. A grandparent, or other relative of the child related within the third degree of consanguinity, may file an original suit requesting managing conservatorship if: (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit. TEX. FAM. CODE ANN. § 102.004(a)(1)(2) (Vernon 2008).

8

The petition filed by Evangelina urged that Joyce had a history or pattern of neglect of the children. The record reflects that both parents consented to the temporary order appointing Evangelina joint managing conservator.

## B. Standard of Review

Standing is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 444 (Tex. 1993). We review de novo a challenge to a party's standing. *Tex. Dep't. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

## C. Analysis

It is undisputed that Evangelina is the grandmother. It is also undisputed that the parties agreed to the temporary order appointing Evangelina the joint managing conservator. The evidence at the final hearing was that Joyce was unstable. Evangelina testified that Joyce is addicted to the internet and she "met a lot of men on the internet." Prior to moving to Ohio, Joyce had never met the man that she and the children were to live with. The children submitted affidavits, wherein they stated that while in Ohio, they were living with their mother, her boyfriend, three adult men, and a five-year-old girl. The children averred that they were uncomfortable and afraid living there. One of the children stated: "on many occasions I have wished I could kill myself." She further swore: "I do not think my mother is able to provide a safe home for us . . . My mother has no interest in our education or our safety . . . She spends hours on the internet and refuses to have anything to do with us unless we get involved with her on the internet."

9

There was evidence before the trial court showing that a modification order was necessary because the present circumstances would significantly impair the children's physical or emotional development. *See* TEX. FAM. CODE ANN. § 102.004(a). Regardless, Evangelina has standing because the parents agreed to the temporary orders. Consent to entering temporary orders necessarily includes consent to the filing of the suit. *See In re A.M.S.*, 277 S.W.3d 92, 98 (Tex. App.–Texarkana 2009, no pet.); *see also In re C.G.C. and Z.K.C.*, No. 12-08-00235-CV, 2010 WL 338062 at *4 (Tex. App.–Tyler, Jan. 29, 2010, no pet.) (mem. op.).

Because there was sufficient proof offered that the order was necessary because the present circumstances of the children would impair their physical or emotional development and because the parents consented to the suit, Evangelina had standing to file the suit. *See* TEX. FAM. CODE ANN. § 102.004(a). We overrule Joyce's second issue.

## IV. CONCLUSION

Having overruled all of Joyce's issues, we affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
10th day of March, 2011.

10