**Affirmed and Memorandum Opinion filed February 12, 2013.**



In The

# Fourteenth Court of Appeals

---

NO. 14-11-00756-CV
NO. 14-11-00757-CV
NO. 14-11-00759-CV

---

**NATHANIEL JONES III, Appellant**

**V.**

**HOUSTON POLICE DEPARTMENT, HARRIS COUNTY SHERIFF'S DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY, AND THE HARRIS COUNTY DISTRICT ATTORNEY, Appellees**

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause Nos. 2010-50804, 2010-50601, and 2010-50603**

---

## M E M O R A N D U M   O P I N I O N

In each of these appeals, the underlying suit is a request for expunction. In each case, the trial court signed an order dismissing the case for want of prosecution. Appellant has filed a brief in each appeal, asserting the trial court abused its discretion in dismissing his suits because no notice was given of the trial court's intention to dismiss. *See* Tex. R. Civ. P. 165a. We requested a

supplemental clerk's record containing any such notices and were informed they do not exist in the trial court case files.

The orders of dismissal were signed on August 15, 2011 (Nos. 14-11-00756-CV and 14-11-00757-CV) and August 16, 2011 (No. 14-11-00759-CV). In each case, the notice of appeal, acknowledging the order of dismissal, was filed on August 30, 2011.

Texas trial courts must give adequate notice before entering an order dismissing a litigant's suit for want of prosecution. *See* Tex. R. Civ. P. 165a(1). ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record...."); and *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999).

Appellant argues he was not given notice of the trial court's intent to dismiss these cases for want of prosecution, nor was notice filed with the district clerk. Under Rule of Civil Procedure 165a, the trial court clerk must send notice of the trial court's intention to dismiss a case for want of prosecution and the date and place of the dismissal hearing to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file. Tex. R. Civ. P. 165a(1). Though the trial court clerk has an affirmative duty to give this notice, the clerk has no duty to record the mailing of the required notice. *See* Tex. R. Civ. P. 165a(1); *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004); *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). Thus, the absence of any indication in the trial court's record that the clerk sent this notice does not prove that the trial court clerk failed to send the notice. *See Ginn*, 282 S.W.3d at 432–33; *Alexander*, 134 S.W.3d at 849–50; *General Electric Co.*, 811 S.W.2d at 943–44. Even if the trial court

2

clerk certifies that the trial court record contains no notice of the trial court's intention to dismiss a case for want of prosecution, this certification is not sufficient to show that the trial court clerk did not send this notice.[1] *See Ginn*, 282 S.W.3d at 432–33.

In adjudicating these appeals, this court must presume that the trial court clerk sent the required notices to Jones; and Jones had the burden to prove in the trial court that the trial court clerk did not send these notices. *See Ginn*, 282 S.W.3d at 432–33 (holding plaintiff had burden of proving that trial court clerk did not send the required Rule 165a notice and that proper means for meeting this burden is evidence submitted to trial court in a motion for new trial or bill of review); *Welborn-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ) (noting that appellate courts presume trial court acted after proper notice was provided to the parties and party contending otherwise must present evidence to this effect in the trial court to obtain reversal on appeal); *Jones v. Texas Dept. of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ) (same as *Welborn-Hosler)*. Jones did not even attempt to make this showing in the trial court.

Because Jones has not satisfied this burden, and because this court must presume that the trial court clerk sent the required notices to Jones, the sole issue presented in each of the appeals lacks merit. Accordingly, in each case we affirm the judgment of the trial court.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

---

[1] Though not at issue in the cases under review, the Supreme Court of Texas has also held that an affidavit in which the trial court clerk affirmatively states that no such notice was sent could not be considered because that affidavit was not before the trial court when it made the challenged ruling. *See General Electric Co.*, 811 S.W.2d at 943–44.