Herman BARFIELD, Barbara Barfield, Keith Beard, Harold Collier, Steve Finney, Kevin Jones, Donny Morgan, Stace Haviland, Barbara Beard, Donna Collier, Tina Finney, Mary Jones, Lisa Morgan and Paula Huffling–Haviland, Appellants,

v.

SST TRUCK COMPANY, L.L.C., Appellee.

No. 05–05–00853–CV.

Court of Appeals of Texas, Dallas.

April 17, 2007.

Ted B. Lyon, Jr., Ted B. Lyon & Associates, P.C., Mesquite, for Appellants.

William L. Fouche', Jr., Law Office of William Fouche, Dallas, Jeffrey S. Patterson, Hartline, Dacus, Barger, Dreyer & Kern, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and MOSELEY.

## OPINION NUNC PRO TUNC

Opinion by Justice MORRIS.

In this suit for personal injuries, the trial court rendered judgment on a jury's verdict in favor of SST Truck Company, L.L.C. Appellants Herman Barfield, Barbara Barfield, Keith Beard, Harold Collier, Steve Finney, Kevin Jones, Donny Morgan, Stace Haviland, Barbara Beard, Donna Collier, Tina Finney, Mary Jones, Lisa Morgan and Paula Huffling–Haviland present two issues on appeal. They contend that appellee's expert Dr. Trang Nguyen should not have been permitted to testify and the jury's verdict was against the great weight of evidence presented at trial. After reviewing the evidence and

arguments presented, we affirm the trial court's judgment.

## I.

SST manufactures trucks. At SST's facility in Garland, tractor cabs are painted in booths with a filtering system in the floor. Heavy metal grates cover the filtering system. Paint accumulates on these grates, and the grates are periodically removed and cleaned. In 2000, SST purchased a used industrial oven to burn the accumulated paint off the grates.

SST contracts with other companies such as Active Transportation to transport the finished trucks to dealers. In the spring of 2000, appellants were employees of Active Transportation working at SST's premises in Garland.[1] Appellants alleged SST's negligent use of the industrial oven caused toxic fumes to be emitted into the air. From their exposure to these fumes, appellants claim permanent injury including reactive airway dysfunction syndrome, or RADS, a type of occupational asthma. They brought suit against SST to recover damages for their injuries.

## II.

■ After hearing approximately six weeks of testimony, the jury answered "no" to the question, "Did the negligence, if any, of SST Truck Company, L.L.C. proximately cause the occurrence in question?" Because of its negative answer to this question, the jury was not required to answer any other questions.

■ In their second issue, which we take up first, appellants challenge the factual sufficiency of the evidence to support the jury's finding. Appellants bore the burden of proving SST's negligence. When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001) (per curiam). When reviewing a finding for factual sufficiency, we consider all of the evidence and will set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

Appellants argue the evidence of SST's negligence, proximate cause, and damages was conclusive. They contend SST knowingly overloaded the oven and burned grates with "uncured" paint on them, contrary to the oven manufacturer's instructions. They argue SST's operation of the oven caused visible toxic smoke containing isocyanates (molecules containing cyanide) to be released into their work area at a level 200 times that considered to be safe. They claim their complaints about the smoke were ignored. They point to the testimony of Dr. Michael Motta, a board-certified pulmonologist, who diagnosed them with RADS from their exposure to the toxic fumes, and argue their uncontroverted medical records establish their permanent respiratory injuries. They argue the testimony relating to their future medical expenses and lost income was uncontroverted and conclusive.

---

1. Appellants Herman Barfield, Keith Beard, Harold Collier, Steve Finney, Kevin Jones, Donny Morgan, and Stace Haviland claim injury from exposure to toxic fumes. The remaining seven appellants are spouses claiming loss of marital consortium and household services. In our discussion of the facts of the case, references to "appellants" are to the first seven who were working on SST's premises. In our discussion of the law, references to "appellants" include all fourteen appellants.

SST argues the jury's verdict can be supported by any of several propositions, all of which have sufficient evidentiary support. It contends the jury could have concluded the negligence of Lance Lawson, an independent contractor, was the sole proximate cause of the occurrence. Lawson was hired by SST to refurbish and repair the oven. Lawson worked on the oven on several different dates in the spring of 2000. On May 23, 2000, Lawson worked on the oven for a full day. In the course of his work on that day, there was a fire in the oven. He opened the oven door and attempted to extinguish the fire, causing smoke. All but one of the appellants were working at SST's premises on that day, and they went to a nearby emergency room for treatment after inhaling the smoke. While appellants offered evidence there was smoke coming from the oven in the week before the May 23 fire, much of the fact and expert testimony addressed the emissions from the oven on that day. SST argues the jury could have concluded Lawson's conduct was the sole cause of the oven fire and any injury to appellants. SST notes appellants raise no issue on appeal about the instructions and definitions given to the jury relating to independent contractors, and any objections appellants may have made at trial to these instructions are not included in the appellate record.

SST also argues the jury could have concluded the appellants' testimony was not truthful in many respects. SST points to the testimony of Karl Hornsbury, appellants' immediate supervisor. Hornsbury worked for Active, and SST argues he was "one of the few disinterested fact witnesses." Hornsbury's testimony was different from appellants' with respect to the thickness of the smoke on May 23, the location of the oven (appellants contended it was moved farther away from their work area after May 23), and their objective physical symptoms on May 23, among other issues.

Next, SST argues the testimony of Dr. Barry Dellinger, a combustion expert, was sufficient to support the jury's verdict. Dellinger testified isocyanate compounds are fragile, decomposing after two seconds at temperatures of 554 degrees Fahrenheit. Dellinger reviewed Lawson's records of the May 23 occurrence and concluded, regardless of the number of grates in the oven, it was impossible for any isocyanates to have survived the oven's temperature and the fire.

SST also contends the evidence of its toxicology expert was sufficient to support the jury's verdict. Dr. Philip Goad testified even if the jury accepted appellants' estimates of the isocyanate concentration near their work area on May 23, there was an insufficient amount to cause appellants permanent harm.

After considering all of the evidence, we conclude the jury's finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.2d at 176. Although appellants assert the evidence of negligence, proximate cause, and damages was conclusive, almost every fact alleged by one party was disputed by the other. Fact witnesses disagreed about how many days the oven was in operation, how many grates were actually in the oven, the size of the grates, the amount of paint on the grates, whether the paint on the grates was wet or dry, whether there was smoke coming from the oven during the week before May 23, and if so, how much, the actual location of the oven in May 2000, whether appellants complained about the smoke and when they did so, how SST's employees reacted to the complaints, the color and thickness of the smoke, the appearance and demeanor of the appellants on May 23,

2000, whether other persons were present in the area where appellants were working on May 23, and if so, how many, and whether they suffered any ill effects from the smoke.

Over a dozen expert witnesses presented opposing views to the jury on the amount of isocyanates in the paint used on SST's premises, the proper height of the smokestack used with the oven, the concentration of isocyanates in the smoke and the air, the temperature at which isocyanates are destroyed, whether the oven would have reached a high enough temperature to destroy the isocyanates, whether appellants' preexisting medical conditions were exacerbated by their exposure to isocyanates, whether these conditions and other habits such as smoking could cause their symptoms, whether the technician hired by SST to refurbish and repair the oven was qualified, and whether the oven should have been used for burning paint off grates.

■■■ We may set aside a jury finding only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain,* 709 S.W.2d at 176. As we noted in *Recognition Communications, Inc. v. American Automobile Association, Inc.,* 154 S.W.3d 878, 889 (Tex.App.-Dallas 2005, pet. denied), the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The factfinder may believe one witness and disbelieve another and resolve inconsistencies in testimony. *Id.* When enough evidence is before the factfinder that reasonable minds could differ on the meaning of the evidence or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the factfinder. *Id.* Here, the evidence is factually sufficient to support the jury's finding.

We resolve appellants' second issue against them.

### III.

■■■ In their remaining issue, appellants contend the trial court erred in admitting the testimony of Dr. Trang Nguyen, one of their treating doctors. We review a trial court's admission or exclusion of evidence for abuse of discretion. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). A person seeking to reverse a judgment based on evidentiary error need not prove that but for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in an improper judgment. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *Id.* at 753–54. We determine whether the case turns on the evidence excluded by reviewing the entire record. *Id.* at 754.

Appellants contend several reasons precluded Dr. Nguyen's testimony. First, they argue Dr. Nguyen breached the physician-patient privilege she owed them and violated the rules of professional conduct that govern her profession. Second, they argue her testimony was the result of prohibited ex parte communications with defense counsel. Third, they contend Dr. Nguyen was not qualified to testify about RADS or appellants' respiratory injuries. Last, they argue Dr. Nguyen's testimony was inadmissible because she violated the federal Health Insurance Portability and Accountability Act, Pub.L. No. 104–191, 110 Stat.1936.

We need not evaluate each of appellant's complaints in detail.[2] Even if we assume the trial court erred in admitting the testimony, appellants have failed to make the requisite showing that the ruling probably caused the rendition of an improper judgment. *See James v. Kloos,* 75 S.W.3d 153, 159–60 (Tex.App.-Fort Worth 2002, no pet.) (court of appeals will not reverse trial court for erroneous evidentiary ruling unless ruling probably caused rendition of improper judgment; complaining party must show whole case turned on evidence at issue). As noted in our discussion of the sufficiency of the evidence, SST presented a defense on several different aspects of appellants' case. SST offered evidence it was not negligent in its operation of the oven. It presented evidence any isocyanates would have been burned off in the oven. It presented evidence the level of isocyanate exposure appellants claimed was not considered harmful. It presented evidence appellants' experts' conclusions were circular and could not stand on their own merit. Each of these defenses was vigorously disputed by appellants. Accepting any of these propositions could have resulted in the jury's "no" answer to the question whether SST's negligence proximately caused the occurrence in question. Further, Dr. Nguyen's testimony was only a part of the testimony the jurors considered relating to appellants' physical conditions. Appellants offered their own expert medical testimony that they did suffer from RADS. And the jury could have concluded appellants were injured even absent a RADS diagnosis. Appellants conducted a vigorous and lengthy cross-examination of Dr. Nguyen about patient confidentiality, ethics, her qualifications, and her conclusions. A review of the entire record reveals the jury's verdict did not turn on Dr. Nguyen's testimony. *See City of Brownsville,* 897 S.W.2d at 753–54. We conclude appellants have not established the trial court's ruling allowing her testimony probably caused the rendition of an improper judgment. We resolve appellants' first issue against them.

We affirm the trial court's judgment.

---

**2.** One of appellants' complaints relates to defense counsel's ex parte contact with the plaintiffs' treating physician. We acknowledge the potential issues arising from such a contact. *See, e.g., Durst v. Hill Country Mem'l Hosp.,* 70 S.W.3d 233, 237 (Tex.App.-San Antonio 2001, no pet.) (noting chilling effect on physician-patient relationship, possible exposure of physician to risk of civil liability or professional sanctions, and potential for disclosure of irrelevant, and therefore privileged, information). Texas cases considering ex parte contacts, however, have concluded admission of the physician's testimony after an ex parte meeting with defense counsel is not necessarily error. Each court has examined the circumstances of the particular case before it in determining the issue raised by the ex parte contact. *See, e.g., James v. Kloos,* 75 S.W.3d 153, 157–61 (Tex.App.-Fort Worth 2002, no pet.) (patient did not establish admission of physician's testimony after ex parte meeting caused improper judgment); *Durst,* 70 S.W.3d at 236–38 (no specific rule prohibiting ex parte communications between plaintiff's treating physician and defense counsel). Here, however, we need not decide this issue, and indeed could not, as appellants did not bring before us a record on which to judge defense counsel's conduct. The relevant evidence relating to what discovery requests were propounded with respect to Dr. Nguyen, how appellants responded to those requests, how Dr. Nguyen was finally located, and the substance of defense counsel's contacts are not part of the appellate record.