**AFFIRM; and Opinion Filed April 2, 2014.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00903-CV**

**EVAN LANE (VAN) SHAW, Appellant and Cross Appellee**
**V.**
**D. BRENT LEMON, Appellee and Cross Appellant**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 07-01451**

## OPINION

Before Justices Francis, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

This appeal arises from a dispute over a fee-splitting agreement between two lawyers who practiced law together from 1990 to 2003. D. Brent Lemon sued Evan Lane (Van) Shaw for, among other things, breach of contract, breach of fiduciary duty, and theft under the Texas Theft Liability Act (the Theft Act). Shaw counterclaimed for breach of contract and breach of fiduciary duty. A jury found that both parties breached the contract and awarded zero damages. The trial court denied Shaw's motion for attorney's fees as the prevailing party on Lemon's claim under the Theft Act and rendered a take-nothing judgment against both parties. Both parties appeal. The background and facts of this case are well known to the parties and we refer to the facts only as necessary to resolve the issues on appeal. For the following reasons, we affirm the trial court's judgment.

**ATTORNEY'S FEES UNDER THE THEFT ACT**

In his sole issue on appeal, Shaw argues that the trial court erred by denying him an award of attorney's fees as the prevailing party on Lemon's claim under the Theft Act for three reasons: (1) a pleading for an award of attorney's fees under the Theft Act is not required because an award of attorney's fees is mandatory, (2) the issue of attorney's fees was tried by consent, and (3) he pleaded for an award of attorney's fees under the Theft Act. Shaw argues that the theft claim "was dismissed on directed verdict at the charge conference" and "[t]he trial court had no discretion to refuse to award Shaw his" attorney's fees. We affirm the trial court's denial of an award of attorney's fees to Shaw.

### *Background*

Shaw pleaded for an award of attorney's fees for his breach of contract claim. The day before trial began, Shaw filed a document titled "Special Exceptions and Motion to Dismiss the Theft Liability Claim" (Special Exceptions). In the document, Shaw argued that this case "is a contractual dispute with multiple variables . . . and always has been a *bona fide* dispute over the payment of attorney's fees. There is no intentional criminal behavior to divert monies wrongfully away from [Lemon]." He also argued that there was no evidence to support one or more elements of the theft claim and, as a result, "this specific claim is untenable" and should be dismissed. And he asked for an award of attorney's fees under the Theft Act. Shaw did not present the Special Exceptions to the trial court and the trial court did not conduct a hearing on the Special Exceptions.

After the evidence was presented and during the charge conference, the trial court presented a proposed jury charge to the parties that contained jury questions only on the parties' respective breach of contract claims. Lemon's claim under the Theft Act was not included in the proposed charge. The trial court told the parties that it had considered all the proposed jury

questions submitted by them and if those proposed jury questions were not in the charge they were denied. Then the following exchange occurred:

[SHAW'S COUNSEL]: Just one more thing. Just for the record, I know you've taken theft out [of the charge], but I just want to get on the record that I did file a Motion to Dismiss the theft claim and that claim is being dismissed. Is that correct?

THE COURT: Okay. You filed a motion?

[SHAW'S COUNSEL]: To dismiss the theft claim and that's being taken out of this charge.

THE COURT: There is no theft claim in this charge.

. . .

[SHAW'S COUNSEL]: So my Motion to Dismiss that claim is granted.

THE COURT: Oh, I think – I think implicitly that's true.

The record does not show that Shaw moved for directed verdict on the theft claim or that the trial court granted a directed verdict on the theft claim.

### *Discussion*

Shaw's pleading asked for an award of attorney's fees specifically for his breach of contract claim; it did not ask for an award of attorney's fees specifically under the Theft Act. Shaw argues, however, that an award of attorney's fees to the prevailing party under the Theft Act is mandatory and that it is not necessary to plead for an award of attorney's fees under a mandatory fee-shifting statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West 2011) ("Each person who prevails in a suit under [the Theft Act] shall be awarded court costs and reasonable and necessary attorney's fees."). And he argues that our decision in *Cricket Communications, Inc. v. Trillium Industries*, 235 S.W.3d 298 (Tex. App.—Dallas 2007, no pet.), to the extent it concluded otherwise, should be overruled. He cites our later decisions in *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877 (Tex. App.—Dallas 2009, no

–3–

pet.) and *Imagine Automotive Group, Inc. v. Boardwalk Motor Cars*, 356 S.W.3d 716 (Tex. App.—Dallas 2011, no pet.), to support his argument.

Lemon argues that *Cricket Communications* controls the resolution of this issue and because Shaw did not plead for an award of attorney's fees under the Theft Act he was not entitled to an award of attorney's fees under the Theft Act. Lemon also cites *Kreighbaum v. Lester*, No. 05-06-01333-CV, 2007 WL 1829729 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op), to support his argument. We agree with Lemon.

In *Kreighbaum*, we affirmed the trial court's denial of an award of attorney's fees on a breach of contract claim because the appellants' written pleading did not specifically ask for an award of attorney's fees under the contract. 2007 WL 1829729, at *3. We noted that the appellants' prayer for relief contained "a nonspecific request for attorney's fees," but we also noted that their counterclaim stated the specific basis (the DTPA) for their request for attorney's fees. *Id*. We said that when a party pleads a specific ground of recovery of attorney's fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground. *Id*. at *2 (citing *Edlund v. Bounds*, 842 S.W.2d 719, 731 n.5 (Tex. App.—Dallas 1992, writ denied)).

Then, in *Cricket Communications*, the trial court denied an award of attorney's fees under the Theft Act. On appeal, the cross appellees argued that they were the prevailing parties on the theft claim and the trial court had no discretion to refuse to award them their fees. *Cricket Communications*, 235 S.W.3d at 310. We affirmed the denial because none of the cross appellees had pleaded for an award of attorney's fees under the Theft Act. *Id*. We said that the purpose of the pleading requirement is "to give an adversary notice of claims and defenses, as well as notice of the relief sought." *Id*. We said the cross appellees' plea for an award of attorney's fees under a different statute would not support an award of attorney's fees under the

Theft Act. *Id.* We also said a trial court cannot render "judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent." *Id.*

Shaw contends that those cases are at odds with later decisions from this Court. We do not agree. In *Alan Reuber Chevrolet*, we said "[a]bsent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity." 287 S.W.3d at 884 (citations omitted). Although a mandatory statute was not at issue in that case, we said that under a mandatory statute, a pleading for an award of attorney's fees was not required to invoke a trial court's jurisdiction. *See id.* We also said that a judgment for attorney's fees must be supported by the pleadings. *Id.* And we pointed out the reasons for requiring a party to plead for an award of attorney's fees—"to define the issues at trial, and to give the opposing party information sufficient to enable him to prepare a defense." *Id.* Additionally, *Imagine Automotive Group* did not discuss the pleading requirement that was the issue in *Cricket Communications*. The issue in *Imagine Automotive Group* was whether attorney's fees awarded under the Theft Act must be included in the security amount posted to suspend enforcement of a judgment pending appeal. 356 S.W.3d at 716–20. We conclude that *Alan Reuber Chevrolet* and *Imagine Automotive Group* do not support Shaw's argument.

In summary, a pleading that does not ask for an award of attorney's fees under a mandatory statute does not give notice to the opposing party of all the relief sought. *See Cricket Communications*, 235 S.W.3d at 310. And a plea for an award of attorney's fees for breach of contract will not support an award of attorney's fees under the Theft Act. *See id.*; *Kreighbaum*, 2007 WL 1829729, at *2–3. Because Shaw pleaded specifically for an award of attorney's fees for his breach of contract claim, but not for an award of attorney's fees under the Theft Act, we

conclude that the trial court did not err by denying an award of attorney's under the Theft Act on that basis.

Shaw also argues that the issue of attorney's fees under the Theft Act was tried by consent. Again, we disagree. Although the parties agreed to submit the issue of attorney's fees to the trial court post-trial, there is nothing in the record to show that Lemon consented to try attorney's fees *under the Theft Act* post-trial. And at the hearing he objected to an award to Shaw of attorney's fees under the Theft Act because Shaw had not pleaded for an award of attorney's fees under the Theft Act. We conclude that the issue of attorney's fees under the Theft Act was not tried by consent.

Shaw also claims that he specifically asked for an award of attorney's fees under the Theft Act in his Special Exceptions. But Shaw did not present the Special Exceptions to the trial court, the trial court did not conduct a hearing on the Special Exceptions, and the court did not give Lemon an opportunity to respond or amend his pleading. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (generally trial court must give nonmovant opportunity to amend pleading before sustaining special exceptions and dismissing nonmovant's claim); *see also* TEX. R. CIV. P. 91 (stating requirements of special exceptions). Additionally, at the hearing on attorney's fees, Lemon objected to Shaw's argument for an award of attorney's fees under the Theft Act on the ground that Shaw's pleading specifically asked for an award of attorney's fees only for his breach of contract claim and Lemon had no notice that Shaw sought an award of attorney's fees under the Theft Act. Under the circumstances of this case, we conclude that the trial court did not err by denying Shaw's request for an award of attorney's fees under the Theft Act. We resolve Shaw's sole issue against him.

In a cross appeal, Lemon raises five issues challenging the trial court's rulings (1) prohibiting him from participating in his own representation; (2) denying his motion for mistrial and continuance; (3) admitting certain evidence; (4) implicitly granting Shaw's untimely special exceptions and motion to dismiss the theft claim; and (5) failing to submit jury questions on his claims for breach of fiduciary duty, theft, and conversion.

*Background*

Lemon and Shaw were represented at trial by their respective retained counsel. On the first day of trial, Lemon, as plaintiff, testified as a witness in his case in chief. At the beginning of the second day of trial, Lemon intended to call as a witness the court-appointed computer expert to testify about Shaw's alleged spoliation of evidence on Shaw's computer. Lemon had personally prepared to conduct the examination of the expert and his retained counsel had prepared to conduct the examination of the other witnesses and make closing arguments. Before Lemon called the expert to the witness stand, however, Shaw objected arguing that under rule 3.08 of the rules of professional conduct, Lemon could not be a party represented by counsel and also participate as an advocate.

Shaw argued that rule 3.08 prohibits a lawyer from serving in the dual role of advocate and witness unless an exception applies. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app A (West 2013) (Tex. State Bar R. art. X, § 9). One of those exceptions is if the lawyer is a party and is appearing pro se. *Id*. 3.08(a)(4). Shaw argued that Lemon was not appearing pro se because he had retained counsel. Lemon responded that he "signed all the pleadings and am the Rule 8 attorney in charge." He said he believed that he was "pro se with the assistance of counsel" and that he was "lead counsel." Lemon also argued that he believed the issue of his participation as an advocate was

waived because it "was brought up in voir dire and they wait until I was about to present [the expert] to testify before they brought it up, they didn't raise it yesterday at anytime."  The trial court sustained Shaw's objection and disqualified Lemon from participating in trial as an advocate.  Lemon moved for a mistrial or a one-day continuance, and the trial court denied both.

### *Disqualification of Lemon*

In cross appeal issue one, Lemon argues that the trial court denied him the right to counsel of his choice by disqualifying him from examining witnesses and that Shaw did not show actual prejudice as a result of Lemon's participation in the examination of witnesses.  The trial court stated that the basis of his disqualification of Lemon was rule 3.08(a)(4)—that Lemon had retained counsel and, as a result, was not appearing pro se.  *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(4).

We examine a trial court's ruling under rule 3.08(a)(4) for an abuse of discretion.  *See Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex. 1990) (orig. proceeding).  A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules and principles.  *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

Rule 3.08 was "promulgated as a disciplinary standard" but also provides guidance for procedural disqualification disputes.  TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(4) cmts. 9, 10; *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *Ayres*, 790 S.W.2d at 556 n.2.  The rule was intended to prevent confusion of the jury and unfair prejudice to the opposing party caused by a lawyer acting in the dual role of advocate and witness.  TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(4) cmts. 4, 8.  Confusion can result from a lawyer serving in the dual role because a witness is required to testify from personal knowledge, but an advocate explains and comments on evidence given by others.  *Id.*;

*Ayres*, 790 S.W.2d at 557 n.4. And "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)(4) cmt. 4. Even so, the supreme court has said:

> Disqualification is a severe remedy. Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. Thus, "[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice" to merit disqualification. The fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification. Disqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact." Consequently, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice."

*In re Sanders*, 153 S.W.3d at 57 (internal citations omitted).

> To support his motion to disqualify Lemon, Shaw argued:

> [M]y understanding – obviously attorneys can be witnesses and cross-examine witnesses in some situations, but I think the rule that would apply here is that given the fact Mr. Lemon's a lawyer and a party however he's not pro se, that the lead lawyer should be taking the witnesses and we're not allowed – we're doing the same thing for Mr. Shaw. And normally I wouldn't make this kind of objection, but given the history of this case and the hostility I would appreciate – [interruption by trial court].

We agree with Lemon that Shaw did not satisfy his burden of showing actual prejudice. Because disqualification is a severe remedy and requires a showing of actual prejudice, and Shaw did not state how Lemon's participation as an advocate and a witness would actually cause him prejudice, we conclude that the trial court abused its discretion by granting Shaw's motion to disqualify. *See In re Sanders*, 153 S.W.3d at 57. Having concluded there was error, we now must determine whether the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). We conclude that Lemon has not satisfied his burden to show reversible error.

In responding to Shaw's motion to disqualify, Lemon argued primarily that the motion had been waived as untimely. Lemon asked the trial court to make an exception to its ruling by allowing him to examine the expert because he had "come from Austin." But the record is silent about whether Lemon advised the trial court that his retained counsel was unprepared to examine the expert. And neither Lemon nor his retained counsel made an offer of proof or a formal bill of exceptions. *See* TEX. R. APP. P. 33.2.

Lemon advised the trial court for the first time that his retained counsel was unprepared to examine the expert in his affidavit attached to his motion for new trial. Lemon said that with his "accounting and computer information system background along with [his] extensive familiarity with the actions taken, the testing performed, and the data information obtained by [the expert] . . . it has been my intent since December 2003 and throughout trial preparation to be the attorney who called and examined [the expert] at trial." Lemon generally stated in his affidavit that retained counsel "was not prepared to present and examine [the expert,] [and] information and evidence relative to Van Shaw's spoliation were not revealed and presented to the jury." He also said that "[Ii]accurate representations made by counsel for Van Shaw as to [the expert]'s actions and findings also were not refuted due to the lack of preparation by [retained counsel] to handle the [expert] testimony and evidence." But Lemon did not present any evidence at the hearing or in his motion for new trial about what he anticipated the expert would have said about Shaw's alleged spoliation, what the expert would have said about the "[i]naccurate representations," or how the expert would have refuted the alleged "[i]naccurate representations." And he did not state in his affidavit any specific testimony he would have elicited that his retained counsel failed to elicit due to his lack of preparation. Because there is nothing in the record about what the expert would have testified to if Lemon had not been disqualified and had been allowed to examine the expert, we cannot conclude that the error

–10–

probably caused the rendition of an improper judgment. We resolve cross appeal issue one against Lemon.

### *Motion for Continuance*

In cross appeal issue two, Lemon argues that the trial court abused its discretion by denying him a mistrial or alternatively a one-day continuance after refusing to allow him to participate as an advocate. He argues that his retained counsel was unprepared to examine the expert witness and, as a result, failed to elicit opinions that would have been helpful to Lemon's spoliation claim.

We review a trial court's ruling on a motion for mistrial or continuance under an abuse of discretion standard. *Deese v. Combined Specialty Ins. Co.*, 352 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.) (mistrial); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (continuance).

Lemon did not present any arguments to the trial court and does not make any arguments on appeal about why a mistrial should have been granted. Consequently, we cannot conclude that the trial court abused its discretion by denying a mistrial. With respect to Lemon's motion for continuance, an application for continuance must be based on "sufficient cause supported by affidavit." TEX. R. CIV. P. 251. Lemon orally moved for continuance and did not file an affidavit to support the oral motion. If the motion is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion by denying the motion. *Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied). Additionally, based on the record before us, Lemon did not advise the trial court that his retained counsel was unprepared to examine the expert. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying Lemon's motion for continuance. We resolve cross appeal issue two against Lemon.

*Evidentiary Rulings*

In cross appeal issue three, Lemon argues that the trial court abused its discretion by admitting two exhibits offered by Shaw. We review a trial court's evidentiary rulings for an abuse of discretion. *Barfield v. SST Truck Co., L.L.C.*, 220 S.W.3d 206, 210 (Tex. App.—Dallas 2007, no pet.).

Lemon first complains about the trial court's admission of an exhibit titled "Summary of Damages and Breakdown of Categories of Damages." The court admitted this document under rule 1006, which permits the admission of summaries of records that are "voluminous [and] otherwise admissible, which cannot conveniently be examined in court[.]" TEX. R. EVID. 1006.

The Summary of Damages is nine pages. It itemizes in detail by case the attorney's fees received by Shaw and Lemon and by month the office and non-case related expenses. It refers to specific trial exhibits and Bates-numbered documents produced in discovery for support of the calculations contained in the document. And it reflects that Shaw owes Lemon $720,493, and Lemon owes Shaw $818,942.

The Summary of Damages was prepared by Shaw and given to Lemon shortly before trial. During Lemon's examination of Shaw, Lemon asked Shaw to confirm the portion of the document showing Shaw owes Lemon $720,493. Then when Shaw's counsel began his examination of Shaw, he offered the document as evidence. Lemon objected that the document contained hearsay and had not been produced in discovery. The trial court overruled Lemon's objections.

On appeal, Lemon argues that the trial court should have excluded the Summary of Damages because Shaw did not produce it in discovery, did not include it on his trial exhibit list until the day before trial, and the document "was not accurate and it contained highly prejudicial statements." The only appellate complaints raised below are whether the Summary of Damages

was produced in discovery or timely included on Shaw's trial exhibit list. *See* TEX. R. APP. P. 33.1.

Rule 1006 states that a summary's underlying records must have been made available to the opponent for inspection, but it does not state that the summary itself must be produced in discovery or disclosed within a certain time period of the trial. *Id.* Lemon has not cited, nor have we found, any case law requiring a rule 1006 summary to be produced in discovery or disclosed before trial. The Summary of Damages refers to well over 500 pages of documents. Five hundred pages are voluminous. *See C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 800 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating 87 pages are voluminous). Shaw testified that the Summary of Damages was "tie[d] in to actual exhibits" and "fairly and accurately summarize[d] the voluminous information that's been produced and identified in this lawsuit[.]" Lemon did not complain that the underlying data was not admissible or had not been produced in discovery. *See id.* And he even examined Shaw about it and read a portion of the Summary of Damages in trial before Shaw offered it as evidence. Under the circumstances, we conclude that the trial court did not abuse its discretion by admitting the Summary of Damages into evidence.

Lemon next complains about the trial court's admission of an exhibit titled "Terms of Settlement." The Terms of Settlement is a two-page document and was part of a multiple-document exhibit offered by Shaw as a business record. It appears to be a prior settlement of the parties' dispute dated August 13, 2004. Lemon objected that the document contained hearsay and "they're not actually business records. These are records that were produced between the two parties during the course of litigation." The trial court overruled the objection.

On appeal, Lemon does not argue that the document contained hearsay or was not a business record. Instead, he contends that the trial court should have excluded the document

–13–

because the court had previously ruled the document was void and unenforceable and "the purpose of the submission of the document into evidence was to advise the jury of the terms of the prior settlement." *See* TEX. R. EVID. 408 (stating evidence of compromise or attempting to compromise disputed claim not admissible to prove liability for or invalidity of claim or amount). Lemon concedes, however, that he did not raise these complaints below. Consequently, this issue presents nothing for our review. *See* TEX. R. APP. P. 33.1. We resolve cross appeal issue three against Lemon.

### *Shaw's Special Exceptions and Motion to Dismiss*

In cross appeal issue four, Lemon contends that the trial court abused its discretion by implicitly granting Shaw's Special Exceptions and dismissing Lemon's claim under the Theft Act.[1] As we have explained, Shaw filed the Special Exceptions the day before trial. He did not present the Special Exceptions to the trial court, and there is no written order granting the Special Exceptions and dismissing the theft claim. However, we construe the trial court's remarks at the charge conference as an implicit ruling on Shaw's Special Exceptions. *See AIS Servs., LLC v. Mendez*, No. 05-07-01224-CV, 2009 WL 2622391, at *1–2 (Tex. App.—Dallas Aug. 27, 2009, no pet.) (mem. op.). We review a trial court's ruling on special exceptions for an abuse of discretion. *Sonnichsen*, 221 S.W.3d at 635.

The Theft Act states, "A person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE ANN. § 134.003 (West 2011). The act defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code." *Id.* § 134.002(2). Lemon's pleading alleged that Shaw "violated the Texas Theft Liability Act, proximately

---

[1] Lemon also argues that a motion to dismiss is an "unauthorized procedural mechanism" to dismiss a party's lawsuit for failure to state a claim, which is "the functional equivalent of a general demurrer, prohibited under the Texas Rules of Civil Procedure." We note that new Rule 91a, effective March 1, 2013, establishes a procedural mechanism for dismissal of baseless causes of action through the filing of a motion to dismiss. *See* TEX. R. CIV. P. 91a. However, Rule 91a did not exist at the time the court implicitly ruled on Shaw's Special Exceptions.

resulting in damages to Lemon" and alleged facts Lemon contended supported his theft claim. The pleading did not allege which section of the penal code Lemon contended Shaw violated, and the only penal code sections that possibly apply to the facts of this case are sections 31.03 (theft) and 31.04 (theft of service).

The purpose of special exceptions is to require a pleader to be more specific and clear in its allegations. *Sonnichsen*, 221 S.W.3d at 635. When a court grants a party's special exceptions, generally the court must give the other party an opportunity to amend the pleadings before the court dismisses the claim. *Id*. The record is undisputed that the trial court did not conduct a hearing on Shaw's Special Exceptions and did not give Lemon an opportunity to amend his pleading before refusing to submit the theft claim to the jury. Lemon must show, however, that any error in dismissing the claim "probably caused the rendition of an improper judgment[.]" TEX. R. APP. P. 44.1(a)(1) (explaining reversible error in civil case).

Lemon argues that he offered evidence proving Shaw violated the Theft Act. He specifically refers us to the Summary of Damages showing monies owed to Lemon by Shaw and evidence that Shaw "handled all the details for distribution and Lemon was not provided a reconciliation or the calculations," Lemon "felt betrayed and hurt when he learned his partner had unilaterally changed the terms of their agreement and had completely withheld payment on some of the cases," Shaw "authorized the destruction of the case files with his handwritten note of 'DESTROY,'" "Shaw admitted he still owes Lemon some fees recovered by the firm," and "Shaw admit[ted] he was asked to hold in trust the funds due Lemon in the Cull matter but that he refused to do so." But Lemon does not state whether his Theft Act claim is based on an alleged violation of penal code section 31.03 (theft) or section 31.04 (theft of service), does not identify the elements of a claim under either section, and does not explain how any of the evidence he cites constituted more than a scintilla of evidence on any of the unidentified

–15–

elements of his claim. We conclude that Lemon has not shown that any error in implicitly granting Shaw's Special Exceptions probably caused the rendition of an improper judgment. We resolve cross appeal issue four against Lemon.

### *Jury Charge*

In cross appeal issue five, Lemon argues that the trial court erred by refusing to submit jury questions on his claims for breach of fiduciary duty, theft, and conversion. We review a trial court's decision to submit or refuse a jury question for an abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam).

Lemon argues that there was more than a scintilla of evidence to support submission of these claims to the jury. He argues that "[t]he testimony and documentary evidence established a partnership/joint venture existed between Lemon and Shaw, that Shaw was the senior partner responsible for handling the finances, and that money was owed to Lemon on cases where the partnership had made recoveries prior to March 10, 2003 [and that] Shaw knew he had Lemon's funds but he would not pay them to him." Lemon also cites evidence showing he "did not have the ability to create checks," [a]ll checks had to be approved by Shaw," "Shaw handled all the details for distribution and Lemon was not provided a reconciliation or the calculations," "he felt betrayed and hurt when he learned his partner had unilaterally changed the terms of their agreement and had completely withheld payment on some of the cases," "Shaw owed him $856,570.56," Shaw "still owes Lemon a percentage of the fees recovered by the firm," Shaw "was asked to hold in trust the funds due Lemon in the Cull matter but that he refused to do so," and Shaw "authorized the destruction of the case files[.]"

A trial court is required to submit only those claims raised by the pleadings and the evidence. TEX. R. CIV. P. 277, 278; *see Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992). We are unable to determine whether any of the evidence Lemon cites is more than a scintilla on the

–16–

three claims he contends should have been submitted to the jury because he does not identify the elements he was required to prove or argue how any of the evidence supports those unidentified elements. Under these circumstances, we conclude that the trial court did not abuse its discretion by refusing to submit the requested jury questions. We resolve cross appeal issue five against Lemon.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

120903F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EVAN LANE (VAN) SHAW, Appellant and
Cross Appellee

No. 05-12-00903-CV     V.

D. BRENT LEMON, Appellee and Cross
Appellant

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 07-01451.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of April, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE