

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-14-00193-CV

NOORDIN POONJANI, SHOWKET          APPELLANTS
PANJWANI, AND 1ST NATIONS
FASTOP MARKETING, INC.

V.

ZAINAB KAMALUDDIN, AS THE          APPELLEE
TRUSTEE OF THE
ABDULHAMEED AND ZAINAB
KAMALUDDIN FAMILY TRUST

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2013-30033-211

----------

## MEMORANDUM OPINION[1]

----------

Appellants Noordin Poonjani, Showket Panjwani and 1st Nations Fastop

Marketing, Inc. appeal the trial court's judgment in favor of appellee Zainab

---

[1]*See* Tex. R. App. P. 47.4.

Kamaluddin, as the trustee of the Abdulhameed and Zainab Kamaluddin Family Trust. In two issues, appellants contend that the trial court erred by denying their oral motion for continuance and by granting appellee's motion for summary judgment. We affirm.

**Background Facts**

In January 2013, appellee sued appellants for breach of contract. She alleged that appellants had acquired business interests but had defaulted on making agreed payments for those interests. Therefore, appellee pled for a money judgment of "at least" $200,587.09 plus interest and attorney's fees. Appellants answered the suit by asserting a general denial and several affirmative defenses, including that a statute of limitations barred appellee's suit.

Six months after filing the suit, in July 2013, appellee filed a motion for summary judgment. In the motion, she alleged that she had served discovery requests upon appellants and that appellants had refused to answer the requests. She contended that based on deemed admissions from appellants' failure to answer discovery requests and on evidence attached to the motion, she was entitled to judgment as a matter of law on her breach of contract claim. She also argued that there was no evidence to support the verified denials and affirmative defenses that appellants had included within their answer, including the statute of limitations defense. Appellee attached evidence to her motion, including the requests for admission; an affidavit in support of attorney's fees; an affidavit signed by appellee, in which she swore to facts concerning the merits of

2

the breach of contract claim; and copies of other documents, including a promissory note and a "Closing Agreement."

Appellants did not file a response to appellee's motion for summary judgment. In December 2013, the trial court granted the motion for summary judgment and set a hearing in February 2014 to "calculate the amount of damages, including [attorney's] fees and other costs." After holding a hearing in February 2014, the trial court entered a final judgment. The judgment awarded money to appellee for the principal amount due on the parties' contract, interest, and attorney's fees.

In March 2014, appellants filed a motion for new trial. They contended that they had not had adequate time to conduct discovery before summary judgment was granted, that a statute of limitations had barred appellee's suit, and that the attorney's fees awarded by the trial court were unreasonable. The trial court held a hearing on appellants' motion for new trial and denied it. Appellants brought this appeal.

## Motion for Continuance

In their first issue, appellants contend that the trial court erred by denying a motion for continuance of the hearing on appellee's motion for summary judgment. They argue, "[T]he court should have granted [appellants'] motion for [continuance] because [a]ppellee filed [her] motion [for summary judgment] about 5 months after [she] filed the petition and before discovery was conducted in this case." The parties appear to agree that in a December 2013 hearing on

3

appellee's motion for summary judgment, appellants made an oral motion for continuance that the trial court denied.[2]

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.). Rule of civil procedure 251 states that no continuance shall be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."[3] Tex. R. Civ. P. 251. Applying rule 251, we have consistently held that a trial court does not abuse its discretion by denying an oral, unsworn motion for continuance. *See, e.g.*, *Lair v. Lair*, No. 02-12-00249-CV, 2014 WL 2922245, at *3 (Tex. App.—Fort Worth June 26, 2014, no pet.) (mem. op.) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)); *In re A.K.M.*, No. 02-12-00469-CV, 2013 WL 6564267, at *3 (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.). Our sister intermediate appellate courts have held the same. *Shaw v. Lemon*, 427 S.W.3d 536, 544 (Tex. App.—Dallas 2014, pets. denied), *cert. denied*, 135 S. Ct. 1563

---

[2]The clerk's record does not contain a written motion for continuance, and a reporter's record of the December 2013 hearing has not been filed in this court. The reporter's record in this appeal comprises three volumes: an index, a transcript related to a February 2014 hearing on appellee's request for attorney's fees, and a transcript related to a May 2014 hearing on appellants' motion for new trial. The trial court's docket sheet indicates that it denied a motion for continuance in December 2013. We will presume that appellants made an oral motion for continuance that the trial court denied.

[3]Appellants do not contend that appellee consented to a continuance, and they do not establish that a continuance was required by operation of law.

(2015); *In re C.P.V.Y.*, 315 S.W.3d 260, 270 (Tex. App.—Beaumont 2010, no pet.).

Based on this authority, we conclude that the trial court did not abuse its discretion by denying appellants' oral motion for continuance of the summary judgment hearing. We overrule appellants' first issue.

## Summary Judgment

In their second issue, appellants argue that the trial court erred by granting appellee's motion for summary judgment. They do not specifically contend that the evidence is insufficient to conclusively establish the elements of appellee's breach of contract claim.[4] Instead, they contend, "The trial court erred in granting [a]ppellee's motion for summary judgment *because [a]ppellants [have] raised a genuine issue of fact[] as to the issue of statute of limitation*; therefore, the trial court should have denied [the] motion for summary judgment." [Emphasis added.]

As stated above, appellee filed a no-evidence motion for summary judgment on appellants' affirmative defenses, including the statute of limitations

---

[4]Appellants state that appellee "has not met [her] burden to be granted summary judgment[,] and there is a genuine issue of fact[] for the trial court to deny [her] motion for summary judgment." To the extent that this statement is an attempt to challenge the sufficiency of the summary judgment evidence to conclusively prove appellee's breach of contract claim, we overrule the contention as inadequately briefed because appellants have not provided any analysis of that evidence and have not cited any legal authorities related to the breach of contract claim. *See* Tex. R. App. P. 38.1(i); *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 514 n.26 (Tex. App.—Fort Worth 2012, no pet.).

defense.[5]   We review a trial court's decision to grant a summary judgment de novo.  *Waterway Ranch, LLC v. City of Annetta*, 411 S.W.3d 667, 674 (Tex. App.—Fort Worth 2013, no pet.).   A plaintiff may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of a defendant's affirmative defense.  *See* Tex. R. Civ. P. 166a(i).  The trial court must grant the motion unless the defendant produces summary judgment evidence that raises a genuine issue of material fact on the affirmative defense.  *See id.*; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *see also Action Bail Bonds v. Vela*, No. 13-13-00015-CV, 2013 WL 6730047, at *4 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op.) ("[The] plaintiff may force the defendant to prove its affirmative defense by filing a no-evidence motion for summary judgment.  To survive summary judgment based on an affirmative defense, the defendant must provide . . . evidence to raise a fact issue on each element of its affirmative defense." (citation omitted)).

Appellants did not provide any evidence or argument in response to appellee's no-evidence motion for summary judgment on appellants' statute of limitations defense.[6]  Thus, we must conclude that the trial court did not err by

---

[5]A defendant has the burden to plead and prove the affirmative defense that a plaintiff's claim is barred by a statute of limitations.  *See* Tex. R. Civ. P. 94; *City of Justin v. Rimrock Enters., Inc.*, No. 02-13-00461-CV, 2015 WL 1579579, at *3 (Tex. App.—Fort Worth Apr. 2, 2015, no pet. h.).

[6]In presenting their second issue, appellants rely on evidence attached to their motion for new trial.  But appellants filed this evidence after the trial court's

granting the no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *Hamilton*, 249 S.W.3d at 426; *Action Bail Bonds*, 2013 WL 6730047, at *4; *see also Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied) (holding that when nonmovants filed no response to a no-evidence motion for summary judgment properly filed under rule 166a(i), the trial court was required to grant the motion and render judgment in favor of the movant). We overrule appellants' second issue.

---

final judgment in favor of appellee, and appellants do not contend that the trial court erred by denying their motion for new trial.

At the hearing on appellants' motion for new trial, the trial court did not indicate that it was reconsidering its decision to grant summary judgment in light of the evidence attached to that motion; instead, the court asked appellants why the limitations defense was not "presented at summary judgment" and stated to appellants, "[I]f you had been here and presented contradictory evidence . . ., then I'd be able to consider it, but I cannot consider it just because you're saying it." *Cf. Stephens v. Dolcefino*, 126 S.W.3d 120, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (op. on reh'g) (explaining that a "trial judge may accept summary judgment evidence filed late, even after summary judgment, as long as he affirmatively indicates in the record that he accepted or considered it"); *see also Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 154 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Where nothing in the record indicates the trial court granted leave for the late filing, we presume the trial court did not consider the evidence.").

7

## Conclusion

Having overruled both of appellants' issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  June 4, 2015