**Affirmed and Majority and Concurring Opinions filed December 13, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00673-CV

### WINSTON LEON HENDRICKS, Appellant

### V.

### SHARON KAYE (BERWICK) BARKER INDIVIDUALLY AND AS THE INDEPENDENT EXECUTRIX OF THE ESTATE OF JAMES LUTHER BERWICK, Appellee

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2014-32718**

## CONCURRING OPINION

The trial court disqualified the plaintiff's lawyer from representing the plaintiff in the court below, and ten months later the trial court dismissed the case for want of prosecution when the pro se plaintiff failed to appear at trial. The plaintiff's challenge to the dismissal lacks merit because the trial court recited that the plaintiff received notice of the trial setting, and the plaintiff has not rebutted the presumption that he received notice. Though the plaintiff challenges the trial

court's disqualification order, even if this ruling were erroneous, the appellate record does not show that the order probably caused the rendition of an improper judgment, so any error would be harmless.

### *From Representation by Counsel to Self-Representation in the Trial Court*

Appellant/plaintiff Winston Leon Hendricks appeals the trial court's order dismissing for want of prosecution his claims against appellee/defendant Sharon Kaye (Berwick) Barker, individually and as the independent executrix of the Estate of James Luther Berwick (hereinafter, "Barker"). In October 2014, on Barker's motion, the trial court disqualified Hendricks's lawyer from any further representation of Hendricks in this lawsuit. Over the next ten months, Hendricks did not get a new lawyer to represent him in the prosecution of his claims in this case, nor did Hendricks file a petition for writ of mandamus in a court of appeals challenging the disqualification order.[1] Hendricks chose not to obtain new counsel. He represented himself in the trial court after the trial court disqualified his lawyer.

The trial court set the case for trial on August 7, 2015. On that date, neither Hendricks nor a lawyer representing him appeared when the case was called. The trial court signed an order dismissing Hendricks's claims for want of prosecution. In the order, the trial court recited that Hendricks failed to appear even though he had been given written notice of the trial setting. Hendricks did not file any motion to reinstate or any other motion after the dismissal for want of prosecution. Hendricks did not complain to the trial court that he had not received any notice of the trial setting, and he did not submit any evidence that he did not receive notice.

---

[1] In January 2016, Hendricks filed a petition for writ of mandamus in this court challenging the disqualification order. *See In re Hendricks*, No. 14-16-00056-CV, 2016 WL 675386, at *1 (Tex. App.—Houston [14th Dist.] Feb. 18, 2016, orig. proceeding) (per curiam) (mem. op.).

2

### *No Error in Dismissing the Case for Want of Prosecution*

In his first issue, Hendricks argues that the trial court erred by dismissing his case for want of prosecution because he never received notice of the trial setting. In the challenged order, the trial court recited that Hendricks failed to appear despite written notice of the trial setting. We presume that the trial court called the case to trial after proper notice to Hendricks and Barker.[2] To succeed in his appellate complaint, Hendricks must have rebutted this presumption in the trial court by submitting competent evidence affirmatively showing that Hendricks did not receive notice of the trial setting.[3]

Two days before the trial setting, Hendricks's former counsel of record in the case, whom the trial court had disqualified ten months earlier, filed a notice of appeal in the trial court, seeking to perfect appeal from the disqualification order on Hendricks's behalf. In the notice of appeal, the lawyer stated that he assumed that the trial court had not been considering him to be Hendricks's counsel of record since the date of the disqualification order. In the unsworn notice of appeal, the lawyer stated that he did not receive a notice of the trial setting in the case and that he did not receive a letter mailed on July 21, 2015, until late July.[4] The lawyer did not state in the notice of appeal that Hendricks did not receive any notice of the trial setting. The statements in the notice of appeal are not competent evidence. Yet, even if the statements were competent evidence, they do not address whether Hendricks received any notice of the trial setting. The lawyer did not address in

---

[2] *See Jones v. Houston Police Dept.*, 2013 WL 1188991, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.); *Welborn-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ).

[3] *See Jones*, 2013 WL 1188991, at *1–2; *Welborn-Hosler*, 870 S.W.2d at 328.

[4] The lawyer does not specify the letter to which he referred in the notice of appeal, but it appears that he may have been referring to a July 21, 2015 letter from the trial coordinator of the trial court to the lawyer, which is contained in our appellate record.

the notice whether Hendricks personally received notice of the trial setting.[5] Furthermore, Hendricks was representing himself during the entire time period that the trial court would have given notice of the trial setting, and any notice to Hendricks's former lawyer would not provide notice to Hendricks. For the same reason, any statements by the former lawyer in the notice of appeal are not the statements of Hendricks.[6]

Pro se litigants must comply with the applicable legal rules, and courts hold them to the same standards that apply to licensed attorneys.[7] Hendricks did not submit any evidence in the trial court affirmatively showing that he did not receive notice of the trial setting. We are to presume that he received notice.[8] This court should overrule the first issue on the basis that Hendricks did not rebut the presumption that the trial court called the case to trial after proper notice to

---

[5] The majority states that Hendricks's complaint that he did not receive notice of the trial setting is "contrary to the statements in his premature notice of appeal." *Ante* at 5. Though the lawyer stated in the notice that the lawyer had received a letter in late July, even if that letter constituted notice of the trial setting, notice to the lawyer would not have been notice to Hendricks, who was acting pro se at the time. In addition, the statements in the notice of appeal cannot be considered the statements of Hendricks given that the lawyer had been disqualified and was not representing Hendricks in the trial court when the lawyer filed the notice of appeal.

[6] Even though the lawyer was not representing Hendricks when the lawyer filed the notice of appeal, under the liberal approach that Texas courts take to perfection of appeal, the lawyer's notice of appeal was sufficient to perfect appeal in this case. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) (stating that the Supreme Court of Texas has consistently held that a timely filed document, even if defective, invokes the court of appeals's jurisdiction if it was a bona fide attempt to do so); *Cypresswood Land Partners I v. Beirne, Maynard and Parsons, LLP*, No. 14-16-003890-CV, 2016 WL 6465778, at *1 (Tex. App.—Houston [14th Dist.] Nov. 1, 2016, no pet. h.) (noting that although corporate entities may appear and be represented in court only by a licensed attorney, a non-attorney may perfect appeal for a corporate entity) (per curiam) (mem. op.).

[7] *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 362 n.2 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[8] *See Jones*, 2013 WL 1188991, at *1–2; *Welborn-Hosler*, 870 S.W.2d at 328.

Hendricks.[9]

### *No Harm from Lawyer Disqualification*

In his second issue, Hendricks asserts that the trial court erred by disqualifying his lawyer from representing him in the trial court. Presuming for the sake of argument that the trial court erred in disqualifying Hendricks's counsel in October 2014, this court cannot reverse the trial court's judgment unless the error probably caused the rendition of an improper judgment.[10] The trial court called the case to trial ten months after the court had disqualified Hendricks's counsel of record, at a time when Hendricks was representing himself. Pro se litigants must comply with the applicable legal rules, and courts hold them to the same standards that apply to licensed attorneys.[11] During this ten-month period, Hendricks did not seek to challenge the disqualification order by means of a petition for writ of mandamus.[12] The record does not reflect that Hendricks took any steps to retain new counsel, nor did Hendricks submit any filing in which he asserted that he could not represent himself or was unable to obtain new counsel. As discussed above, this court must presume that Hendricks, acting pro se, received proper notice of the trial setting.[13] On this record, Hendricks's failure to personally appear at trial or send a lawyer to appear on his behalf at trial, despite the presumed notice of trial, caused the trial court to dismiss Hendricks's claims

---

[9] *See Jones*, 2013 WL 1188991, at *1–2; *Welborn-Hosler*, 870 S.W.2d at 328; *Jones v. Texas Dept. of Pub. Safety,* 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ).

[10] *See* Tex. R. App. P. 44.1(a); *Shaw v. Lemon*, 427 S.W.3d 536, 543 (Tex. App.—Dallas 2014, pet. denied).

[11] *See Mansfield State Bank*, 573 S.W.2d at 185; *Williams*, 420 S.W.3d at 362 n.2.

[12] *See In re Guar. Ins. Servs., Inc.,* 343 S.W.3d 130, 132 (Tex.2011) (orig. proceeding).

[13] *See Jones*, 2013 WL 1188991, at *1–2; *Welborn-Hosler*, 870 S.W.2d at 328; *Jones,* 803 S.W.2d at 761.

5

for want of prosecution. This court cannot reasonably conclude that the trial court's action in disqualifying Hendricks's counsel probably caused the dismissal for want of prosecution. Therefore, even presuming that the trial court erred in disqualifying the lawyer, this court may overrule the second issue because any such error did not probably cause the rendition of an improper judgment.[14]

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Christopher. (Christopher, J., majority).

---

[14] *See* Tex. R. App. P. 44.1(a); *Shaw*, 427 S.W.3d at 543 (holding that trial court's error in disqualifying plaintiff's lawyer was harmless because the record did not show that the disqualification probably caused the rendition of an improper judgment).