

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-14-00216-CV

DOYLE JONES                                                                    APPELLANT

V.

FRANK KENT MOTOR COMPANY                                          APPELLEE
D/B/A FRANK KENT CADILLAC

----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 067-247167-10

----------

## MEMORANDUM OPINION[1]

----------

Appellant Doyle Jones appeals the trial court's take-nothing judgment in this discrimination case.  We affirm.

## Background Facts

In 2010, Jones was working as a car salesman at appellee Frank Kent Motor Company d/b/a Frank Kent Cadillac.  In May 2010, he left his position with

---

[1]*See* Tex. R. App. P. 47.4.

the dealership. He then sued Frank Kent, claiming that Frank Kent had discriminated against him based on his age and disability and that he had been constructively discharged in retaliation for signing an affidavit stating that he believed Frank Kent had discriminated against another employee. Frank Kent filed counterclaims against Jones, claiming that he had participated in a fraudulent scheme to increase bonuses for himself and the dealership based on customer satisfaction surveys.

Frank Kent then moved for partial summary judgment on all of Jones's claims against it. The trial court granted the motion. Frank Kent then nonsuited its counterclaims, but when the trial court reinstated Jones's retaliation claim, Frank Kent reasserted its counterclaims. Jones also added a retaliation claim based on Frank Kent's counterclaims, arguing that they were frivolous. Frank Kent specially excepted to Jones's retaliation claim based on its counterclaims, claiming that no such post-termination retaliation cause of action exists under Texas law. After a hearing (of which no record was made), the trial court granted Frank Kent's special exception to Jones's third amended petition, striking Jones's retaliation claim relating to Frank Kent's counterclaim. Jones subsequently filed a fifth amended petition[2] that pleaded the same retaliation claim.

After a bench trial, the trial court rendered judgment in favor of Frank Kent on Jones's claims against it and in favor of Jones on Frank Kent's claims against

---

[2]Jones had filed a fourth amended petition prior to the hearing on the special exception to the third amended petition.

him.  It ordered that both parties take nothing.  Jones filed a motion for new trial to apply for an award of attorney's fees and costs under the Texas Theft Liability Act (the Theft Act).  The trial court denied the motion, and this appeal followed.

**Discussion**

**1. Post-termination retaliation**

In his first issue, Jones argues that the trial court erred by concluding that Texas law does not recognize post-termination retaliation as a cause of action.

In his third amended petition, Jones alleged that Frank Kent retaliated against him by bringing a frivolous counterclaim against him.  Frank Kent specially excepted to that claim, arguing that no such cause of action exists under Texas law.  The trial court granted the special exception and struck Jones's counterclaim.

Jones filed a fourth amended petition and a fifth amended petition, both including the same allegations regarding the counterclaim and adding,

> The purpose of the filing of the counterclaim against Jones was to bully and punish Jones for asserting his rights under the statute.  This action was materially adverse to Jones because such action would dissuade any reasonable employee from making or supporting a charge of discrimination.  Moreover, the counterclaim has had a tangible effect on the terms and conditions of the plaintiff's prospective employment.

Frank Kent specially excepted again to the claim, and again the trial court granted the special exception.

On appeal, Jones argues that the trial court erred by granting the special exception to his third amended petition.  He does not challenge the grant of

3

Frank Kent's special exception to the live pleading at the time of trial, thereby waiving this issue. *See Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 334 (Tex. App.—Fort Worth 2005, pet. denied). Even if Jones had not waived this issue, we note that there is no cause of action in Texas for post-employment retaliation by filing of a counterclaim. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 209 (Tex. App.—Dallas 2005, no pet.) ("An employer's filing of a counterclaim after the employee has already been discharged cannot support a retaliation claim.") (citing *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532–33 (5th Cir. 2003) (distinguishing Fifth Circuit's "more skeptical view" of "ultimate employment decision" from other circuits' interpretation), *cert. denied*, 540 U.S. 817 (2003)).[3] We overrule Jones's first issue.

## 2. Frank Kent's counterclaims

In his second issue, Jones argues that the trial court erred by finding that Frank Kent's counterclaims were not frivolous. A "frivolous" suit is generally understood to mean one that does not have a reasonable basis in law or fact. *See Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (stating that suit is not frivolous so long as it has "reasonable

---

[3]Jones argues that *Hernandez* has been abrogated by the Supreme Court's holding in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006). However, the Fifth Circuit continues to cite *Hernandez* with approval. *See Ellis v. Principi*, 246 Fed. Appx. 867, 872 (5th Cir. 2007); *see also Anderson v. Sikorsky Support Servs., Inc.*, 66 F. Supp. 3d 863, 869 (S.D. Tex. 2014); *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 885 (S.D. Tex. 2010).

basis in law and constituted an informed, good-faith challenge"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 9.001(3) (West 2002) (defining groundless as having no basis in fact or not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law).

Frank Kent sued Jones for civil theft, common law fraud, mail fraud, breach of fiduciary duty, and money had and received. All of Frank Kent's claims stem from Jones's participation in the survey scheme. General Motors had a program in which dealerships received bonuses when their customers were highly satisfied with their car-buying experience. Customers' satisfaction was recorded by surveys that were mailed to their home after they bought a car.

Jones testified that salespeople would receive bonuses at the end of every month that their customer service index, as determined by the surveys, was above a certain number. One of Frank Kent's owners also testified that the salespeople bonuses were paid by the dealership based on the salesperson's customer satisfaction score. Jones said he filled out surveys for customers and gave them to his supervisors. He also admitted that eight or nine of the surveys were routed to his home address. He testified that he knew that his supervisor would take the completed surveys and mail them to General Motors. Frank Kent introduced evidence showing that it paid Jones $8,800 in bonuses that were based on his customer survey scores. There was ample basis for Frank Kent's allegations, and they were therefore not frivolous. We overrule Jones's second issue.

### 3. Attorney's fees

In his third issue, Jones argues that the trial court erred by refusing to award him attorney's fees. Jones claims that as the prevailing party on Frank Kent's counterclaim under the Theft Act, he was entitled to recover his attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.005(b) (West 2011) ("Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."). When a statute provides that a party "shall be awarded" attorney's fees, as it does in the Theft Act, the trial court has no measure of discretion in determining whether to award attorney's fees. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). But even a mandatory fee award must be supported by the pleadings and the record. *Garcia v. Gomez*, 319 S.W.3d 638, 644 (Tex. 2010).

The trial court issued the following findings of fact relevant to the issue of attorney's fees:

1. The Plaintiff/Counter-Defendant did not plead for attorney fees and costs as a prevailing party on Frank Kent's counterclaim under the Texas Theft Liability Act (the "Theft Act"), Tex. Civ. Prac. & Rem. Code § 134.005(b), and it was not tried by consent.

2. The Plaintiff's/Counter-Defendant's pleadings did not provide sufficient notice to Frank Kent that the Plaintiff/Counter-Defendant was seeking to recover his attorney fees and costs as a prevailing party on Frank Kent's counterclaim under the Theft Act.

3. An attorney of reasonable competence would interpret the Plaintiff's/Counter-Defendant's Fifth Amended Petition and Answer to Counterclaim as seeking attorney fees for the retaliation claims under the Texas Labor Code and for defending a frivolous filing only, and not for a prevailing party under the Theft Act.

6

4. The Plaintiff/Counter-Defendant was not a prevailing party under the Theft Act because he did not assert any counterclaim under the Theft Act or recover any damages under the Theft Act.

5. Even if the Plaintiff/Counter-Defendant did plead for attorney fees and costs as a prevailing party under the Theft Act (which he didn't) and was in fact a prevailing party under the Theft Act (which he wasn't), the Plaintiff/Counter-Defendant still is not entitled to recover any attorney fees and costs because he did not segregate his attorney fees and costs in defending the Theft Act claim from his attorney fees and costs in pursuing his other claims for retaliation and defending the other counterclaims for common law fraud, mail fraud, breach of fiduciary duty, and money had and received.

6. Even if the Plaintiff/Counter-Defendant did plead for attorney fees and costs as a prevailing party under the Theft Act (which he didn't), was in fact a prevailing party under the Theft Act (which he wasn't), and did properly segregate his attorney fees and costs (which he didn't), the Plaintiff's/Counter-Defendant's attorney fees in the amount of $141,277.50 and costs in the amount of $5,564.48 were not necessary or reasonable in defending the Theft Act claim.

Although the trial court found that Jones was not a prevailing party because he did not recover damages under the Theft Act, the law is clear that a party who successfully defends against an action under the Theft Act is a prevailing party under the statute. *See, e.g.*, *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A party prevails if he 'successfully prosecutes the action or successfully defends against it.'") (quoting *Johns v. Ram–Forwarding, Inc.*, 29 S.W.3d 635, 637–38 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) ("[T]he Texas Theft Liability Act provides for

attorney's fees even without an underlying damages recovery . . . ."). Jones successfully defended against Frank Kent's Theft Act claim and was therefore the prevailing party. However, a party seeking recovery of attorney's fees under the Theft Act must sufficiently notify the court and opposing party of his intent to recover his attorney's fees under the Act. *See Shaw v. Lemon*, 427 S.W.3d 536, 540 (Tex. App.—Dallas 2014 pet. denied), *cert. denied*, 135 S. Ct. 1563 (2015) ("[A] pleading that does not ask for an award of attorney's fees under a mandatory statute does not give notice to the opposing party of all the relief sought."); *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 569 (Tex. App.—San Antonio 2011, no pet.). Jones did not specifically plead for attorney's fees under the Theft Act, but he argues that his pleadings were sufficient to notify Frank Kent that he intended to seek attorney's fees under the Act. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.").

Although Jones's prayer for relief contains a general request for attorney's fees, in his answer to Frank Kent's counterclaims in a section labelled "Affirmative Defenses," Jones stated, "This counterclaim is a frivolous claim and should be dismissed[,] and Counter-Defendant Doyle Jones should be awarded his costs and attorneys' fees incurred in defending it." Jones pleaded for recovery of attorney's fees for defending against a frivolous claim, *see* Tex. Civ.

8

Prac. & Rem. Code Ann. § 9.012(e)(3) (West 2002) (allowing a sanction for a frivolous filing to include reasonable attorney's fees), and he elsewhere pleaded for recovery of attorney's fees under the Texas Commission on Human Rights Act for his retaliation claim, *see* Tex. Lab. Code Ann. § 21.259(a) (West 2015) (allowing a trial court to award a reasonable attorney's fees to the prevailing party under the Act). Nowhere did he plead for the recovery of attorney's fees under the Theft Act. In such instances when a party pleads specific grounds for the recovery of attorney's fees, he cannot recover attorney's fees on another, unpleaded ground.[4] *See Smith v. Deneve*, 285 S.W.3d 904, 916 (Tex. App.—Dallas 2009, no pet.); *see also Nat'l City Mortg. Co. v. Adams*, 310 S.W.3d 139, 143 n.4 (Tex. App.—Fort Worth 2010, no pet.) (following *Smith*).

The trial court found that Jones did not sufficiently put Frank Kent on notice that he was seeking attorney's fees under the Theft Act and that this issue was

[4]That Frank Kent was the party that put into play the Theft Act cause of action in the first place does nothing to put it on notice that Jones's general request for attorney's fees was to now be understood to cover a request under the Theft Act that it previously had not included, especially in light of the fact that Jones amended his petition in response to Frank Kent's counterclaim to specifically request attorney's fees for defending against a frivolous claim. *See Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 661–62 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("An opposing party would conclude Sandalwood would have expressly mentioned the 'prevailing party' provision of the contract if it were seeking fees for successful defense under that theory. This conclusion is further supported by the fact that (1) Sandalwood expressly pleaded one theory for recovering fees for successful defense of appellants' claims; and (2) . . . Woodbridge pleaded a specific contractual provision under which it was seeking attorney's fees concerning the Taft Circle Apartments.").

9

not tried by consent.[5]  The trial court therefore did not abuse its discretion by denying Jones's request for attorney's fees under the Theft Act.  *See Shaw*, 427 S.W.3d at 540 ("Because Shaw pleaded specifically for an award of attorney's fees for his breach of contract claim, but not for an award of attorney's fees under the Theft Act, we conclude that the trial court did not err by denying an award of attorney's fees under the Theft Act on that basis."); *Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298, 310 (Tex. App.—Dallas 2007, no pet.) (holding that trial court did not err in denying request for attorney's fees because cross-appellees did not specifically plead for attorney's fees under the Theft Act); *see also Kreighbaum v. Lester*, No. 05-06-01333-CV, 2007 WL 1829729, at *3 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op.) ("Although appellants' prayer for relief contains a nonspecific request for attorney's fees, appellants' counterclaim specifically sets forth the basis for the request for attorney's fees, section 17.50(c) of the business and commerce code.  An opposing attorney of reasonable competence reading appellants' pleading would conclude the request for attorney's fees in the prayer was based on the statement in the counterclaim that appellants are entitled to attorney's fees pursuant to section 17.50(c) of the business and commerce code.").  We overrule Jones's third issue.

---

[5]Jones makes no argument on appeal that that issue was tried by consent.

**4. Discrimination claim**

In his fourth issue, Jones argues that the trial court erred by granting partial summary judgment and dismissing his claim for discrimination.

After Jones filed his first amended petition, Frank Kent moved for partial summary judgment on Jones's claims of age discrimination, disability discrimination, and retaliation. The trial court granted the motion. It later reinstated the retaliation claim. After those rulings, Jones amended his petition four times. None of the later-amended petitions contained age discrimination or disability discrimination causes of action, including the fifth amended petition, which was the live pleading at the time of trial.

Generally, filing an amended petition that does not include a cause of action effectively dismisses the omitted claim as of the time the amended pleading is filed. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008). This is so even when the trial court has denied the claim through partial summary judgment. *See Dolenz v. All Saints Episcopal Hosp.*, 638 S.W.2d 141, 142 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (holding that plaintiff could not complain on appeal of summary judgment denying his request for injunctive relief when his subsequently amended petitions did not include injunction claims). Because Jones's amended petitions did not include claims for age discrimination or disability discrimination, he abandoned those claims and waived any error by the trial court in rendering summary judgment for Frank Kent on those claims. *See Akin v. Santa Clara Land Co.*,

11

34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) ("Akin waived any error by the trial court when she amended her pleadings after the partial summary judgments were granted and abandoned her DTPA and negligence claims."). We overrule Jones's fourth issue.

## Conclusion

Having overruled Jones's four issues, we affirm the trial court's judgment.


/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  August 20, 2015